No. 35,094

GEORGE BARRETT, as Administrator with the Will Annexed of the Estate of Kisarah Maynard, Deceased, *Appellee*, v. ROY MC-MANNIS, *Appellant*.

(110 P. 2d 774)

Opinion filed March 8, 1941.

*R. F. Crick* and *M. C. Bucklin*, both of Pratt, for the appellant.
*Robert G. Miller*, of Pratt, for the appellee.
*George Barrett*, of Pratt, *pro se*.

The opinion of the court was delivered by

THIELE, J.: This was an action to specifically enforce a contract for the sale of real estate.

The trial court sustained a demurrer to defendant's answer and cross petition and he appeals.

Omitting formal parts and much of the detailed allegations, plaintiff's petition alleged he was the duly appointed, qualified and acting administrator with the will annexed of Kisarah Maynard,

deceased, a copy of his letters being attached; that Kisarah Maynard died May 22, 1935, and her will was duly admitted to probate, a copy of the will being annexed and referred to later; that on September 6, 1939, plaintiff, as such administrator, was in possession of the real estate hereafter mentioned, and entered into a contract in writing with the defendant for the sale of a certain described tract of real estate to defendant, who paid the Iuka State Bank, of Iuka, Kan., the sum of $500 in escrow as part of the purchase price. A copy of the contract was attached to the petition and is referred to later. Plaintiff further alleged he had fully performed his contract but defendant refused to perform. The prayer was to compel specific performance.

It appears from the letters of administration with the will annexed issued to plaintiff, under date of July 25, 1939, that Charles A. Maynard, the executor named in the will and to whom letters testamentary were issued, was dead, and upon petition of Benny Maynard "and due hearing thereon in the manner provided by law" letters of administration be granted to George Barrett, as administrator with the will annexed of the estate of Kisarah Maynard, deceased.

So far as concerns the present controversy, it may be noted the will of Kisarah Maynard appointed her son, Charles A. Maynard, as executor. Certain bequests were made, and the testatrix then devised and bequeathed the residue of her property, real and personal, to her executor to hold for a period of three years after her death, paying the net income to her five children, and at the end of the three-year period the executor was directed to convert the property into cash and when so converted to pay each of her children one share or part, with provision if any child be dead, its issue should take.

The contract was made September 6, 1939, between plaintiff as party of the first part and defendant as party of the second part, and among other things provided that in consideration of $7,500 to be paid as provided, first party agreed to sell and second party agreed to buy a certain described quarter-section of land. Second party paid $500 to the Iuka State Bank as escrow agent to be used as stipulated, the balance of $7,000 to be paid the bank upon delivery of a good and sufficient administrator's deed. First party agreed to furnish abstract of title showing merchantable title, with taxes paid, second party was to have a reasonable opportunity to examine

it and first party was to have a reasonable time to meet any requirements. Upon perfection of the title, second party was to pay the remaining $7,000 to the bank, which was then authorized to deliver the deed to the second party, and to pay out the moneys for certain expenses and unpaid taxes, the residue to be paid to first party. The contract further provided:

"It is further agreed that if second party shall fail or refuse to accept deed and comply with the terms of this agreement to be performed on his part when first party has complied with the terms of this agreement to be performed on his part, *then the sum of $500 so escrowed* with the Iuka State Bank, Iuka, Kansas, at the signing of this contract *shall be paid by the escrow bank to first party for and as liquidated damages and this contract shall cease and terminate, and the parties hereto shall thereafter be relieved from further liability hereunder, and the escrow bank shall return to first party the deed so to be escrowed by first party according to the terms of this contract."* (Italics ours.)

By his answer defendant admitted the death of Kisarah Maynard; that her will was admitted to probate and a true copy was attached to the petition, and that he had entered into a written agreement for the purchase of real estate, a correct copy being attached to the petition, and that he had made the initial payment of $500 as therein provided. He expressly denied that plaintiff was duly appointed as administrator with the will annexed, and further answering alleged that upon admission to probate of the will of Kisarah Maynard, Charles A. Maynard was appointed and qualified as executor thereof and served until his death on July 11, 1939; that on July 25, 1939, on the petition of Benny Maynard, letters were issued to George Barrett as administrator with the will annexed of the estate of Kisarah Maynard, deceased; that the appointment was void and of no effect because no order was made for the time and place of hearing the petition, and no waivers of any of the heirs at law or devisees under the will of Kisarah Maynard were filed as provided by section 180 of the probate code (G. S. 1939 Supp. 59-2204), but that the petition was heard without notice, and by reason thereof the appointment was illegal and void, the probate court was without jurisdiction, and George Barrett was not, at the time of making the contract, nor when the answer was filed, the duly appointed, qualified and acting administrator with the will annexed. It was further alleged that by reason of the above the abstract of title did not show a merchantable title to the real estate in the plaintiff, and that his deed as administrator with the

will annexed would not convey a merchantable title. Then follows a series of allegations that certain of the legatees under the will of Kisarah Maynard had made mortgages, deeds and assignments of their respective interests in the estate and in the particular real estate, and by reason thereof the abstract of title did not show a merchantable title in George Barrett as administrator with the will annexed; that the abstract of title was submitted to the defendant for examination, who caused it to be examined by his attorneys and an opinion was prepared and delivered to plaintiff setting out the defects, but the defects still exist, and by reason of all the foregoing defendant has not been tendered a clear and merchantable title and plaintiff is not entitled to recover. Defendant's cross petition made allegations of his answer a part thereof, and alleged failure of the plaintiff, within a reasonable time, to perfect the title to the real estate, and sought recovery of the $500 paid in escrow to the Iuka State Bank under the contract.

Plaintiff demurred to the answer and cross petition as stating no defense to plaintiff's petition nor ground for affirmative relief in favor of the defendant. The trial court sustained the demurrer and this appeal followed.

Appellant's first contention is that plaintiff was not the duly appointed and qualified administrator with the will annexed of Kisarah Maynard, deceased, and arises under the new probate code now appearing as G. S. 1939 Supp., ch. 59. References hereafter made will be only to chapter and section number. In effect appellant's contention is that an administrator may be legally appointed only upon the filing of a verified petition, 59-2201, showing petitioner's right to the relief sought, 59-2202, giving the information requisite to a petition for administration, 59-2219, upon the filing of which the court shall fix the time and place for the hearing thereof, and order notice to be given, 59-2222, unless such notice be waived, as provided in 59-2223, and upon hearing shall appoint an administrator and fix his bond, 59-2232. In effect, appellee argues that no notice is required where the appointment is of an administrator *de bonis non* under 59-708. With that general proposition we cannot agree. In an ordinary case, to procure such an appointment the filing of a petition was necessary (59-2201), it had to be set for hearing (59-2204), and it seems implicit from the entire code that notice should be given, unless the court shall make an order to the contrary. (See especially 59-2222 and generally 59-705, 59-

710, 59-2204, 59-2227, 59-2232.) It is to be observed that in the case now before us, the original appointment was of Charles A. Maynard as executor, whose duties were to execute the will; that George Barrett was appointed as his successor to complete the administration, and that strictly speaking he was an administrator with the will annexed *de bonis non.* Had Kisarah Maynard died subsequent to July 1, 1939, when the present probate code took effect, it would have been necessary to do more than was done in the probate court in the present instance, but that it was not done does not make the proceedings bad. It would appear that under 59-2204 the filing of a petition for the appointment of an administrator with the will annexed *de bonis non* was the commencement of a proceeding, and in a case arising entirely after the code was effective would require observance of all provisions for filing of petitions. But in this case we have to give consideration to the fact the administration of the Maynard estate had been continuing for some years prior to the date of the appointment of George Barrett as administrator, etc., on July 25, 1939, and that it is provided by 59-2602 the rules of procedure prescribed by the new code and effective July 1, 1939, govern all proceedings after that date "except to the extent that in the opinion of the court their application in a particular proceeding when they take effect would not be feasible," etc. There is no provision the probate court must make a specific finding the exception should apply. But it is evident from the recitals in the letters issued the probate court must have so concluded, for it recited therein "that upon the petition of Benny Maynard and due hearing thereon in the manner provided by law" letters should issue to George Barrett. Under the circumstances disclosed, we cannot say the probate court was without jurisdiction to entertain the petition of Benny Maynard, nor that because no notice was given to the legatees or heirs of Kisarah Maynard, the order of appointment was void. Even though the method followed be held irregular, the probate court had jurisdiction, and its judgment may not be collaterally attacked.

Appellant also contends the title to the real estate was not marketable, and that he was so advised by his attorney to whom he submitted the abstract of title for examination. In essence, two objections are made. The first is that owing to the failure to give notice of hearing of the petition for appointment of the administrator with the will annexed, there was no valid appointment of George

Barrett and his deed as such administrator would not convey good title. What has been said in the earlier part of this opinion is a sufficient answer to this objection. The second is that the various assignments and conveyances by the legatees under the will of Kisarah Maynard constitute clouds on the title, which might subject the purchaser to litigation.

Appellant directs our attention to various decisions defining a marketable title, and tests to be applied to determine whether or not, in an action for specific performance, the purchaser shall be compelled to accept the title tendered. The two following cases state a rule as favorable to him as any cited or which our research discloses.

In *Eisenhour v. Cities Service Oil Co.*, 149 Kan. 853, 89 P. 2d 912, it was held:

"A title need not be bad in fact in order to be nonmerchantable or unmarketable. It is sufficient to render it so if an ordinarily prudent man with knowledge of the facts and aware of the legal questions involved would not accept it in the ordinary course of business." (Syl. ¶ 3.)

The above rule was adhered to and applied in *Ayers v. Graff*, 153 Kan. 209, 109 P. 2d 202.

In the earlier case of *McNutt v. Nellans*, 82 Kan. 424, 108 Pac. 834, it was held:

"Equity will not compel a purchaser under an executory contract for the sale of land to accept the title if doubtful or unmarketable. A title is doubtful if it exposes the party holding it to the hazard of litigation." (Syl. ¶ ¶ 1, 2.)

The same rule was recognized in *Newell v. McMillan*, 139 Kan. 94, 30 P. 2d 126, where it was said that "mere quibbles and peccadilloes which the ingenuity of counsel can raise against a title do not render it unmarketable." (p. 100.) Applying the rules stated above to the instant situation, we learn from the record that under the will of Kisarah Maynard, the testatrix disposed of certain personal property, all the residue and remainder of her property, whether real or personal, being devised and bequeathed to her executor, who was to hold it for a period of three years, then convert it into cash and divide the proceeds into five shares, one share going to each of five named children, with a provision that if any child be dead, its share or part should go to the heirs of its body, etc. Conversely stated, the testatrix did not devise any real estate, including that presently involved, to any one of the persons making the assignments and conveyances, which appellant contends constitute clouds on the title. Those assignments and conveyances

were made by persons who had no title to the real estate presently involved. Even though it be conceded that in an ordinary case there might be some doubt by reason of the beneficial interest of the children in the proceeds of the lands when sold by the executor, it could hardly be said to be substantial here. What interest the legatees took under the will of Kisarah Maynard, deceased, was before this court in an action between persons other than the parties to the present appeal, under a situation arising during the period in which the executor was to hold the lands before selling them, the question being whether the interest of a legatee was of real estate subject to attachment, or of personal property consisting of an interest in the proceeds and subject to garnishment. In disposing of the first phase of that proposition, this court said in *Paulin v. Parker,* 149 Kan. 673, 674, 88 P. 2d 1099:

"It will be noted that by the terms of the will no real estate is devised to the defendant Katie Parker. On the contrary, there is a specific devise to the executor for the uses and purposes stated in the will. The situation before us is not one where there is no devise to the executor or trustee who is given only a naked power to sell; here the title is vested in the executor in order that certain things be done in the management of the property for a definite term, following which he is under duty to convert the property into cash by selling it, and to then divide the proceeds among the children, their bodily heirs, or their survivors. Although appellant did seek to attach the claimed interest of appellee in the real estate which her mother had owned, it clearly appears the real estate was devised to the executor, who was directed to sell it and divide the proceeds among certain beneficiaries to be determined as set out in the will. It also clearly appears that it was the intention of the testatrix to give to the beneficiaries shares of personal property, and not an interest in real estate, and that under *Hart-Parr Co. v. Chambers,* 116 Kan. 136, 225 Pac. 1076, the doctrine of equitable conversion should apply. And when it is applied here, it follows that the appellee had no interest in the real estate formerly owned by her mother which is now subject to attachment as property of the appellee. The trial court did not err in discharging the attachment." (p. 674.)

The above appeal had been disposed of and an opinion filed before George Barrett had been appointed administrator, etc., and before the contract in question had been executed. Of course, the matters decided in that case may not be said to be *res judicata* in the present appeal, but they are of consequence in determining the sufficiency of the present complaints against the title.

We do not now have before us the sufficiency of the assignments and conveyances made by various of the legatees, nor of the rights of those designated therein as assignees, grantees or mortgagees,

but as they affect rights in personal property, they will no doubt ultimately be considered in the probate court, if not before, at least when an order of final settlement is made. The purchaser of any of the real estate belonging to the estate of Kisarah Maynard, deceased, either from the executor originally named or from his successor, the administrator with the will annexed *de bonis non*, is not, however, interested as purchaser in what is done with the proceeds of the real estate. The record discloses that none of the children making the assignments or conveyances had any legal title to the real estate involved, and the various instruments executed by any of them were not sufficient to constitute clouds on the title, nor make the title doubtful or unmarketable.

Appellant's contentions with respect to his cross petition need not be discussed, for they depend on his being sustained on his other contentions previously discussed.

There remains for consideration one other matter. Although not dwelt on at length, appellant says that the demurrer searches the record, and that the demurrer should have been sustained as to the petition, for the reason the contract provided, as quoted above, that if he failed to perform, the bank holding the $500 initial payment should pay the same to the other party as liquidated damages and he should be relieved from further liability. The fact there was such a provision, and that it was fully effective, did not make the petition demurrable, for the only effect would be to determine the extent of plaintiff's recovery. We cannot here treat fully the question whether plaintiff's recovery is to be limited for two reasons. One is that there is nothing in the record to indicate the question was presented in the trial court. The other is the issue raised by the answer was not that liability was limited by the contract; appellant contended no valid contract was made or, if made, the title was unmarketable, and his cross petition was on the same theory. The record does not show that any final judgment was rendered in the action. Before there is a trial on the merits, defendant may see fit to file an amended answer specifically raising the question. As the pleadings in the cause as submitted to us do not raise the issue, we shall not discuss it further.

The judgment of the the trial court is affirmed.