No. 35,860

Theron W. Hicks et al., *Appellees,* v. Hugh M. King et al., *Appellees,* William B. Ryan, as Guardian *ad litem* for Celia Modene Palkowsky, Glenn LeRoy Palkowsky and Betty Mae Palkowsky, Minors, et al., *Appellants.*

(139 P. 2d 390)

July 10, 1943. Opinion filed

*William B. Ryan,* of Norton, argued the cause for the appellants.

*Robert W. Hemphill,* of Norton, argued the cause, and *J. F. Bennett,* of Norton, was on the briefs for appellees Theron W. Hicks, G. W. Johnson, Clara D. Wesley and R. D. Wesley; *W. L. Sayers,* of Hill City, was on the briefs for appellees John Q. Sayers and Casey Jones; *W. A. Barron* and *Wallace C. Sullivan,* both of Phillipsburg, were on the briefs for appellee Hugh M. King.

The opinion of the court was delivered by

Thiele, J.: In this appeal the sole question presented is whether a sale in the probate court of minors' interest in real estate was void.

In a preliminary way it may be stated that Frank Palkowsky, Jr., a resident of Graham county, Kansas, died intestate sometime prior to March 7, 1938, leaving as his heirs his widow and three minor children. At the time of his death he owned a half section of land in Phillips county. On March 7, 1938, the mother was ap-

pointed as guardian of her minor children, and under proceedings in the probate court of Graham county, of which no complaint is made, she sold the minors' one-half interest in the above-mentioned real estate, the conveyance, however, being subject to a reservation of an undivided one-sixteenth interest in oil, gas and mineral rights in said lands for a period of twenty years. Later and in July, 1940, under proceedings in the probate court of Graham county, of which complaint is made, as is more specifically set out later, she sold the minors' reserved mineral interests to Hugh King, who later conveyed at least a part of his interest to Theron W. Hicks.

On January 3, 1941, Hicks and the other plaintiffs brought an action against a number of adult defendants and against the Palkowsky minors and their guardian, in which they sought, *inter alia*, to quiet their title against the minors, who answered by their guardian. We need not review the allegations of that answer covering matters hereafter discussed, but they alleged the sale of their interest in the minerals was void and of no effect because of the failure of their guardian to give notice as required by the probate code. Plaintiffs' reply and answer alleged facts purporting to show due notice of sale was given to the minors. Other pleadings need not be noted. When the action came on for trial a guardian *ad litem* was appointed for the minor defendants. He filed an answer on their behalf and defended the action.

At the trial the following was shown concerning the sale of the minors' interest in the reserved minerals. Under date of July 8, 1940, Della Palkowsky Wathen, as guardian of the minors, and she and her husband individually, made an agreement with Hugh King to sell him their undivided interests in the mineral rights in the involved real estate, it being stated the interest of Mrs. Wathen was an undivided one-sixteenth and the interest of the minors was an undivided one-sixteenth. The consideration for both interests was $300, and provision was made for approval by the probate court. The contract bore an endorsement it was approved by the probate judge on the day it was made. The guardian later filed a petition for authority to sell the minors' interest, and on July 11, 1940, the probate court made its order that the guardian give notice of the time and place of hearing the petition by serving a true copy of the petition on each of the minors at least ten days prior to the date of the hearing which was set for July 24, 1940, at the office of the probate judge of Graham county. The notices were served and on

the day set the probate court ordered that the minors' interest be sold at private sale; that the interest should be appraised by three disinterested householders of the county wherein the real estate was situated (Phillips) and sold for not less than three-fourths of the appraised value. On the same day the guardian made a report showing compliance with the order for appraisement and that she had sold the minors' interest. No point is made of it by the guardian ad litem, but the report of sale as abstracted does not disclose who the purchaser was nor the amount for which the minors' interest was sold. On the same day the probate court approved a sale to Hugh M. King, but its order does not disclose what the purchase price was.

During the course of the trial of the quiet-title suit the trial court overruled the demurrer of the guardian ad litem to plaintiff's evidence, later sustained plaintiffs' demurrer to the evidence offered by the minors and thereafter rendered judgment against the minor defendants for costs and quieting plaintiffs' title. In the judgment are extensive provisions concerning division orders with respect to sums due from oil and gas produced, etc., which need not be reviewed. Insofar as the particular matter before us is concerned, the trial court found that the proceedings in the Graham county probate court were irregular, but not void, and at the most only voidable; that the probate court had jurisdiction to make the orders made by it and that the deed executed pursuant to the proceedings and recorded in Phillips county was sufficient to form the basis for plaintiffs' title, and that the proceedings were not subject to collateral attack.

The motion of the guardian for a new trial was denied and appeal to this court followed.

The basis for appellants' contention the trial court erred in its rulings and judgment is that the proceedings for the sale of the minors' interest in the real estate had in the probate court of Graham county, in July of 1940, are absolutely void because of the failure of the guardian to give notice to the minors as required by the probate code which became effective July 1, 1939, reliance being placed especially on G. S. 1941 Supp. 59-2304 and 59-2209. Appellees concede that the giving of notice is jurisdictional, and that no attempt was made to comply with the statutes referred to. They contend that the proceedings in guardianship had been pending since March, 1938, and that the proceedings for sale show the pro-

bate court must have concluded that to follow the procedure of the probate code would not be feasible or would work injustice (G. S. 1941 Supp. 59-2602), and that the former procedure (G. S. 1935, 38-211 *et seq.*) should apply, that under the latter procedure the proceedings might be irregular, as the trial court found, but the same were only voidable and not void, and therefore not subject to collateral attack in the quiet-title proceedings.

For the purposes of this opinion we shall assume that if it were proper to follow the procedure obtaining prior to the enactment of the probate code in 1939, then what was done, from the standpoint of notice to the minors, was sufficient and not subject to collateral attack. The former procedure for notice was that a copy of the verified petition for authority to sell real estate, with a notice of the time it would be heard, must have been personally served on the minor, if a resident of the state, at least ten days prior to the time fixed for making the application (G. S. 1935, 38-212). That statute fixed the procedure and no order of the probate code fixing time or method of notice was required. The new code made a radical change. Under it a guardian may petition for authority to sell real estate of a ward and he is required to give notice of the hearing on such petition pursuant to section 185. (See G. S. 1941 Supp. 59-2303, 59-2304.) Section 185 appears as G. S. 1941 Supp. 55-2209 and requires publication for three weeks in a newspaper of the county and that the hearing shall be not earlier than seven days nor later than fourteen days after the last publication.

Although it is repetition, we note that the guardianship proceedings were commenced in March, 1938, prior to the enactment of the probate code, and that the proceedings to sell the minors' interest in real estate were commenced in July, 1940, or over one year after the probate code took effect. From the briefs it is apparent that in the trial court appellees took the position that a proceeding was pending all of the time and that the probate court had a choice of procedure either according to the probate code or according to applicable statutes prior to its effective date, and that under *Barrett v. McMannis,* 153 Kan. 420, 110 P. 2d 774, it was not necessary that the probate court make an express finding or order the former procedure apply, but that such a conclusion could be drawn from what it did. The last-mentioned case involved appointment of an administrator with the will annexed. There an executor of a will had been appointed some years before and had

died July 11, 1939. On petition of one of the heirs Barrett was appointed administrator with the will annexed on July 25, 1939. It was contended the appointment was bad because no notice was given under the provisions of the probate code, then in effect only twenty-five days. In that case various statutory requirements are reviewed. It was stated that under the circumstances disclosed, this court could not say the probate court was without jurisdiction to entertain the application for and to make the appointment.

It will be observed that in the Barrett case the death of the former executor occurred within eleven days, and the appointment of his successor within twenty-five days after the present probate code became effective. In that opinion necessity for compliance with the new probate code was recognized, and failure to so comply was excused only under the circumstances of that case. Those circumstances included the nature of the relief sought, the shortness of the time the code had been in effect, and inferences to be drawn from the court's order of appointment. The instant case presents an entirely different situation under the facts and in the nature of the relief sought. It is true that the guardianship had been commenced in March, 1938, and shortly thereafter there had been a sale of the minors' interest in the real estate involved, except for the reservation of mineral rights, but after that time nothing occurred until July, 1940, or more than a year after the probate code became effective, when the petition was filed asking for authority to sell. The filing of that petition was the commencement of a proceeding (G. S. 1941 Supp. 59-2204), and as a condition precedent to any effective order or judgment it was necessary that applicable provisions and requirements of the code be observed and met. As there is no contention about that procedure we need not review it.

In our opinion the present case is not determined by the case of *Barrett v. McMannis*, supra. In the instant case the proceedings for sale of the minors' interest in real estate were governed by the probate code as effective July 1, 1939, and not by former procedure. Under the probate code, notice to the minors was jurisdictional. No notice was given as required and the proceedings were void. Being void they were subject to attack in the quiet-title proceedings and the trial court erred in ruling to the contrary, and in rendering judgment quieting title in the plaintiffs and against the minor defendants as to their interests in the real estate.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to set aside the judgment, and to render judgment consistent with the views herein expressed.

PARKER, J., not sitting.