No. 41,992

In the Matter of the Estate of Elizabeth Eileen Morgans, Deceased. (JOHN H. WIDDOWSON, Special Administrator and GEORGE E. GRIST, Creditor, *Appellants,* v. VICTOR HERGENRETER, Guardian of the person and estate of HARVEY L. MORGANS, a Minor, *Appellee.*)

(360 P. 2d 1069)

Opinion filed April 8, 1961.

*Charles E. Jones,* of Wichita, argued the cause, and *Lester Wilkinson, Tom Harley* and *George E. Grist,* all of Wichita, were with him on the briefs for appellants.

*William Hergenreter,* of Topeka, argued the cause, and *Wendell L. Garlinghouse* and *Warren W. Shaw,* of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal involves the question which of two probate courts, namely, the probate court of Sedgwick County or the probate court of Wabaunsee County, has jurisdiction to determine venue for the probate of the last will and testament of Elizabeth Eileen Morgans, deceased. A companion case, *In re Estate of Morgans* (No. 42,107), 187 Kan. 84, 360 P. 2d 1077, appealed from Wabaunsee County, is this day decided.

On January 6, 1958, Elizabeth Eileen Morgans executed her last will and testament in Wichita and deposited it the following day in the probate court of Sedgwick County pursuant to G. S. 1959 Supp., 59-620. On June 9, 1959, the testatrix died at Junction City, a resident of the state of Kansas. She had previously been adjudged incompetent by the probate court of Geary County and was confined in the county jail awaiting authorization for her admission to a state hospital. On the date of her death she owned real estate in Geary, Wabaunsee and Pottawatomie Counties and owned personal property in Sedgwick County.

On June 17, 1959, George E. Grist, an alleged creditor of the decedent's estate, hereafter referred to as creditor, filed a petition in the probate court of Sedgwick County for the appointment of a special administrator to collect and conserve the property of the decedent until letters testamentary or of administration were granted. The petition alleged the testatrix resided at 723 S. Main Street, Wichita, Kansas, at the time of her death; that she was survived by Harvey L. Morgans, a minor son, then serving in the United States Navy, and that he was the decedent's devisee and sole heir at law and named as executor in her last will and testament.

On the same day, June 17, 1959, the probate court of Sedgwick County appointed Charles Cotton as guardian *ad litem* to represent the interest of the minor heir, who filed an answer on behalf of the minor heir, denying generally the allegations of the petition. In its order appointing John H. Widdowson, of Wichita, as special administrator, the court found that no notice of hearing on the petition was necessary to be given.

The special administrator qualified, assumed his duties, and on June 30, 1959, filed a supplemental petition in the probate court of Sedgwick County for probate of the decedent's last will and testament executed by her on January 6, 1958. Notice was directed to be given pursuant to G. S. 1949, 59-2209 and the court fixed July 22, 1959, as the date for hearing the supplemental petition to probate the decedent's will.

On July 16, 1959, Victor Hergenreter, as guardian for the minor heir at law, filed an answer in the probate court of Sedgwick County to the supplemental petition filed by John H. Widdowson as special administrator, hereafter referred to as special administrator, on June 30, 1959. The answer alleged that Hergenreter was the duly appointed and acting guardian of the person and estate of the minor heir who was the principal beneficiary under the decedent's will and as such had an interest in the estate; that the special administrator was not a person interested in the estate of the decedent as that term is used in G. S. 1949, 59-2221; that at the time of her death the decedent was not a resident of Sedgwick County but was a lifelong resident of Wabaunsee County; that on June 24, 1959, Hergenreter, as guardian of the person and estate of the minor heir, filed a petition in the probate court of Wabaunsee County for the admission to probate of the decedent's last will and

testament of January 6, 1958; that on that date, June 24, 1959, the court made an order setting the petition for hearing on July 24, 1959, at Alma, Wabaunsee County, Kansas, and due notice of the hearing was given; that on June 25, 1959, the probate court of Sedgwick County forwarded the decedent's last will and testament to the probate court of Wabaunsee County, and retained a copy thereof; that the appointment of the special administrator was not made for good cause shown in accordance with G. S. 1949, 59-710, and that the probate court of Sedgwick County was without jurisdiction of the decedent's estate.

The hearing on the special administrator's supplemental petition was continued from July 22, until September 17, 1959, on which date the probate court of Sedgwick County heard statements of counsel and, without hearing evidence of the decedent's residence, stipulated into the record that it had not theretofore and prior to the forwarding of the decedent's last will and testament to Wabaunsee County on June 25, 1959, made any findings or adjudication of the residence of the decedent. At the conclusion of the hearing, the court made the following findings and order:

"The court finds that on the 24th day of June, 1959, a petition was filed in Wabaunsee County to probate the estate of Elizabeth Eileen Morgans and that the Judge of that Probate Court at that time, on the 24th day of June, made an order setting the time for hearing. The court further finds that under 59-2204 of the 1949, General Statutes of Kansas, that the commencement of proceedings in Probate is deemed commenced by the filing of a petition and causing the same to be set for hearing. The court further finds that under 59-2203, under general statutes that the proceedings were instituted in more than one county and they shall be stayed except in the county where first commenced until final determination of venue. The court further finds that proceedings were commenced in this estate first in Wabaunsee County, Kansas, and the proceedings in Sedgwick County are hereby ordered stayed."

The special administrator and the creditor, the appellants here, appealed from the foregoing findings and order to the district court of Sedgwick County. As guardian, Hergenreter filed a motion for judgment on the pleadings which was heard over the objection of the appellants on the ground that it was premature and prior to the hearing of any evidence of the residence of the decedent at the time of her death. On December 10, 1959, the district court sustained the motion and remanded the case to the probate court of Sedgwick County "to abide the further order of that court." Hence, this appeal.

The appellants contend that when the decedent executed her will in Wichita and selected the probate court of Sedgwick County as the court of deposit, that court had exclusive jurisdiction pursuant to G. S. 1959 Supp., 59-620 to determine the question of venue for the probate of her will. They assert that until it heard evidence of the residence of the decedent at the time of her death and determined that the proper venue was in another county, it was without power to release the will to any other court, and that if proceedings were commenced in such other court, they were a nullity. The pertinent portions of G. S. 1959 Supp., 59-620 read:

"A will enclosed in a sealed wrapper, upon which is endorsed the name and address of the testator, the day when and the person by whom it is delivered, may be deposited in the probate court of the county where the testator resides. . . . The court shall give a certificate of its deposit and shall retain such will. During the testator's lifetime, such will shall be delivered only to him upon his written order witnessed by at least two subscribing witnesses. After the testator's death, and upon being notified of such death, the court shall open the will publicly and retain the same. Notice shall be given to the executor named in the will if he can be located and to such other persons as the court may designate. If the proper venue is in another court the will shall be transmitted to such court, but before such transmission a true copy thereof shall be made by and retained in the court in which the will was deposited. . . ."

The appellee contends that G. S. 1949, 59-2203 is decisive of the controversy, and relies upon that portion which reads:

"Proceedings for the probate of a will or for administration shall be had in the county of the residence of the decedent at the time of his death. . . . If proceedings are instituted in more than one county, they shall be stayed except in the county where first commenced until final determination of venue. If the proper venue is determined to be in another county, the court, after making and retaining a true copy of the entire file, shall transmit the original to the proper county. . . ."

He argues that when he filed a petition to probate the decedent's will in Wabaunsee county on June 24, 1959, and the court on that same date set the petition for hearing on July 24, 1959, a probate proceeding was duly commenced in Wabaunsee County as provided in G. S. 1949, 59-2204; that since the supplemental petition to probate the decedent's will in Sedgwick County was not filed until June 30, 1959, the proceeding was first commenced in Wabaunsee County within the meaning of G. S. 1949, 59-2203 and that court acquired jurisdiction to determine the question of venue, hence, the probate court of Sedgwick County properly stayed further proceedings.

It is to the credit of our Bar and probate judges that controversies concerning venue have arisen so seldom or have been so satisfactorily settled below that this court has not heretofore been called upon to pass upon the issue here presented—which of two probate courts has jurisdiction to determine the question of venue where the testator's will was deposited in one of the courts pursuant to G. S. 1959 Supp., 59-620, and the claim is made that the decedent died a resident of another county where proceedings were first commenced to probate the will.

Throughout the history of probate procedure in this state the statutory law has provided that proceedings for the probate of a will or for administration shall be had in the county of the residence of the decedent at the time of his death. (Laws 1862, Ch. 91, § 2; G. S. 1868, Ch. 37, § 1; R. S. 1923, 22-301; G. S. 1935, 22-301.) In spite of anything that can be done by statutory or decision law, controversies are bound to arise, however infrequently, concerning the place of residence of deceased persons leaving estates which must be probated. It was to fix an orderly rule of venue and judicial comity for decision of that issue that G. S. 1949, 59-2203 was incorporated in the probate code of 1939. Prior to the adoption of the code, the law did not to any appreciable degree make a distinction between venue and jurisdiction (3 Bartlett's Kansas Probate Law and Practice [Rev. Ed.], § 1160), and it was difficult to get the question of venue in any one court where there could be a final determination. The result was uncertainty, confusion, and at times, substantial loss (see *Ewing v. Mallison*, 65 Kan. 484, 70 P. 369, and cases cited therein; *Dresser v. Bank*, 101 Kan. 401, 168 P. 672; *Edington v. Stine*, 135 Kan. 173, 10 P. 2d 27). To remedy the situation, the code empowered probate courts to determine their own venue at the beginning, or as a result, of proceedings, before complications arose and loss resulted, so their judgments and decrees would have the same conclusive character, when the question of residence or venue was raised, that is according to judgments and decrees of district courts. In cases of doubtful residence the legislature deemed it as important that the question be settled conclusively as that it be settled correctly (*In re Estate of Johnson*, 180 Kan. 740, 308 P. 2d 100; 3 Bartlett's Kansas Probate Law and Practice [Rev. Ed.], § 1161). In commenting on this distinction in *In re Estate of Summerfield*, 158 Kan. 380, 147 P. 2d 759, Mr. Chief Justice Harvey said:

". . . Jurisdiction is the power of the court to hear and determine a matter, while venue, in the sense here used, relates to the particular county of the state in which the proceeding must be heard, and when the proceeding is adversary, as under the new probate code, and all parties are before the court, *the court will have jurisdiction to hear where the venue is even though it does not have venue to administer the estate.* . . ." (1. c. 382, 383.) (Emphasis supplied.)

At first blush it would appear the two sections of the code here involved—G. S. 1959 Supp., 59-620 and G. S. 1949, 59-2203—are in conflict, but a careful study of them, and other sections of the code, convinces us that is not the case. Manifestly, each section vests jurisdiction in probate courts to determine venue. The former statute relates specially to wills deposited "in the probate court of the county where the testator resides," and the latter statute fixes the venue "for the probate of a will or for administration" to be in the county of the residence of the decedent at the time of his death. Each statute requires the probate court, if the proper venue is found to be in another county, to make and retain a true copy of the will (59-620), and of the entire file (59-2203), and to transmit the original to the proper county.

When a will is deposited pursuant to G. S. 1959 Supp., 59-620, it is a portion of the records of the court of deposit and may be delivered only to the testator during his lifetime or upon his written order witnessed by at least two subscribing witnesses. Certain books are required to be kept by the probate court (G. S. 1949, 59-212) including "An index pertaining to wills deposited pursuant to section 56 [59-620] under the name of the testator." Upon being notified of the testator's death, the court shall open the will publicly and retain the same in its exclusive custody and give notice to the executor named in the will if he can be located and to such other persons as the court may designate, and permit the will to be read and examined only by such interested parties or their attorneys until an application is made for its admission to probate, or until some proper action is taken by the court as will make the will a public record. If it is determined from all the evidence that the testator died a resident of the county of the court of deposit, the will shall be admitted to probate in that county. If it is determined that the testator died a resident of another county, that is, "if the proper venue is in another court," the original will shall be transmitted to the probate court of such county to be presented for probate therein, but before transmitting the same, the court of deposit shall make

and retain a true copy. We think it clear that the language of the statute, and particularly that part which reads, "if the proper venue is in another court," compels the conclusion that the court of deposit has exclusive jurisdiction to determine the question of venue, and that the original will must be retained within the control of that court until the question of venue is resolved. No proceedings may be commenced elsewhere until proper disposition is made of the question of venue in the probate court of deposit, or on appeal, if any.

The conclusion just announced is not inconsistent with the intent and purpose of G. S. 1949, 59-2203. While a testator may deposit his will in a probate court, he is not required to do so; he may keep it wherever he chooses as he has the custody and control of it as long as he lives, and he usually keeps it where he keeps his other valuable papers. Where a testator does not deposit his will in the probate court, after his death any person having possession or custody of it, or knowledge and access to it, is required to deliver it to the court having jurisdiction, and for his willful neglect or refusal to do so, penalties and damages may be imposed. (G. S. 1949, 59-618, 59-621.) When the will is delivered to the court having jurisdiction, the first and essential prerequisite to any valid act for the probate of the will is to file a petition for its admission to probate and to set it for hearing and cause notice to be given pursuant to G. S. 1949, 59-2209. A probate proceeding is commenced in a probate court by filing a petition and causing it to be set for hearing. (G. S. 1949, 59-2204; *In re Estate of Reed*, 157 Kan. 602, 612, 142 P. 2d 824.) If it is claimed by anyone having an interest in the estate that the testator was a resident of a county other than the one in which he died and proceedings to probate his will are commenced in more than one county, provision is made in G. S. 1949, 59-2203 to avoid such conflict of jurisdiction and the confusion, uncertainty and loss which might result (see *Ewing v. Mallison*, supra; *Dresser v. Bank*, supra; *Edington v. Stine*, supra), and all proceedings are required to be stayed except in the county where first commenced until final determination of venue. If the proper venue is determined to be in another county, the court, after making and retaining a true copy of the entire file, shall transmit the original to the proper county.

It is evident from the foregoing that the framers of the probate code clearly intended that where a testator deposits his will in the probate court of the county of his residence, the court of deposit

shall have exclusive jurisdiction to determine the question of venue, and that where a testator does not deposit his will but keeps it where he chooses, the court in which proceedings are first commenced to admit his will to probate has exclusive jurisdiction to determine the question.

We are, therefore, of the opinion, upon this branch of the case, that the probate court of Sedgwick County erred in staying proceedings in that court on September 17, 1959, and in finding that the probate court of Wabaunsee County had jurisdiction pursuant to G. S. 1949, 59-2203 to determine the question of venue for the probate of the decedent's will. At that time the petition of the special administrator was pending to admit the decedent's will to probate in Sedgwick County and, as previously indicated, that court had exclusive jurisdiction to determine the residence of the decedent at the time of her death. Likewise, on appeal, the district court of Sedgwick County erred in refusing to permit an inquiry into the actual residence of the decedent at the time of her death and in sustaining the appellee's motion to dismiss the appeal.

The appellee contends the special administrator's appointment was void and of no effect, and argues that he was not a person interested in the estate within the meaning of G. S. 1949, 59-2221, hence his supplemental petition to probate the decedent's will in Sedgwick County was the act of a mere interloper and was insufficient to confer jurisdiction over the decedent's estate. The contention is premised upon two points. First, that no proceedings were pending for the appointment of an executor or administrator in Sedgwick County, and second, the petition for appointment of a special administrator was not set for hearing.

With respect to the first point, the appellee refers to G. S. 1949, 59-710, and to that portion which reads:

"For good cause shown a special administrator may be appointed *pending* the appointment of an executor or administrator. . . ." (Emphasis supplied.)

and argues that any attempt to appoint a special administrator before a petition for appointment of an executor or administrator is on file and pending, is a nullity. We think it would violate the very spirit of the code to sustain the contention.

It is implicit from a consideration of the entire code, and particularly section 59-710, that "for good cause shown" a special administrator may be appointed to "perform duties respecting specific

property, or to perform particular acts" before proceedings are commenced to probate a decedent's will or to grant letters of administration. Clearly, the phrase "pending the appointment of an executor or administrator" was intended to mean the period from the time of death and during or until the appointment of an executor or administrator.

It is often essential for the proper control and conservation of estates pending the probate of a will or the granting of letters of general administration to appoint a special administrator, and a probate court should be liberal in granting special administration if there appears any reasonable need therefor. (3 Bartlett's, *op. cit.*, *supra*, § 1169.) The instant case is a good example of the application of the statute "for good cause shown" to appoint a special administrator. When the testatrix died her principal beneficiary and sole heir at law was a minor son in the United States Navy and upon the high seas. Moreover, upon her death the guardian of her estate was discharged, and it was necessary that a suitable and proper person be appointed to collect and conserve the property of her estate. We conclude that the probate court of Sedgwick County had jurisdiction to appoint a special administrator upon the verified petition of the creditor under the facts and circumstances disclosed. This is not to say, however, that for good cause shown a special administrator may not be appointed during the pendency of the administration of an estate (2 Bartlett's Kansas Probate Law and Practice [Rev. Ed.]), § 644; 3 Bartlett's, *op. cit., supra*, § 1169).

Likewise, the second point is not well taken. The verified petition for the appointment of a special administrator contained allegations stating the necessary statutory requirements and the reasons for the appointment. The journal entry appointing the special administrator recited that the petition was in fact heard by the court; that evidence was introduced, and an order was entered showing that it was heard and no notice was required by the court to be given. Notice of the hearing of a petition should be given unless the court makes an order to the contrary dispensing with the giving of notice. (G. S. 1949, 59-2208; *Barrett v. McMannis*, 153 Kan. 420, 423, 110 P. 2d 774; 3 Bartlett's *op. cit., supra*, § 1169.) One of the purposes for fixing the date for hearing a petition is to enable notice to be given, but it would seem that a separate order fixing such a date is unnecessary when the court finds that notice is not required to be given. From an examination of the record, the

conclusion is inescapable that the petition was set for hearing, and that the court heard it and made a proper order appointing a special administrator. Being duly appointed and having qualified, the special administrator was a "person interested in the estate" within the meaning of G. S. 1949, 59-2221 and was a proper person to file the supplemental petition to probate the decedent's will in Sedgwick County.

The judgment appealed from is reversed and the case remanded for further proceedings not inconsistent with this opinion. The district court of Sedgwick County is instructed to set aside all orders entered below and to certify the cause to the probate court of Sedgwick County to stand on the supplemental petition of the special administrator. All proceedings elsewhere are ordered stayed until the probate court of Sedgwick County determines the proper venue for the administration of the decedent's estate.

It is so ordered.