No. 42,107

In the Matter of the Estate of Elizabeth Eileen Morgans, Deceased. JOHN H. WIDDOWSON, Special Administrator, and GEORGE E. GRIST, Creditor, *Appellants*, v. VICTOR HERGENRETER, Guardian of the Person and Estate of HARVEY L. MORGANS, a Minor and HARVEY L. MORGANS, Executor, *Appellees*.

(360 P. 2d 1077)

Opinion filed April 8, 1961.

*Charles E. Jones* of Wichita argued the cause, and *Lester Wilkinson, Tom Harley* and *George E. Grist* all of Wichita were with him on the briefs for the appellants.

*William Hergenreter* of Topeka argued the cause, and *Warren W. Shaw* and *Wendell L. Garlinghouse* of Topeka were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal from Wabaunsee county relative to the proceeding in that county in the estate of Elizabeth Eileen Morgans, deceased. In the companion case of *In re Estate of Morgans* (41,992), ante, 188 Kan. 50, 360 P. 2d 1069, this day decided, the court has considered the appeal from the proceedings in Sedgwick county in this estate. Furthermore, the court has there held that the primary and exclusive jurisdiction to determine the question of venue for the probate of the will of this testatrix was in the Probate Court of Sedgwick county under G. S. 1959 Supp., 59-620, such court being the depository of the will of testatrix.

The above decision at least makes premature all the proceedings in Wabaunsee county. While the Probate Court of Wabaunsee county has now made a finding that the residence of the testatrix was in Wabaunsee county, and it would be easy and productive of some pecuniary saving to the parties for us to say that, inasmuch as the fact question of residence has been decided by the Wabaunsee county courts, the judgment should be affirmed. But such condonation of loose practice, particularly where it is in manifest violation of a controlling statute, results in waste rather than economy.

As pointed out in the opinion in the appeal from Sedgwick county, *supra*, our probate code provides for a primary and exclusive jurisdiction for ascertaining the venue for the probate of the estates of deceased persons. This prevents unseemly rivalry between the various courts of the state. The best way to enforce such a salutary statute is to nullify proceedings in violation of it.

There would seem to be no necessity of stating a complete history of the proceedings in Wabaunsee county. The orders appealed from will be reversed and the case remanded for any further proceedings not inconsistent with this opinion and the opinion in the companion case, *supra*. The Probate Court of Wabaunsee county is directed to transmit the will of the testatrix back to the Probate Court of Sedgwick county. The estate need not as yet be closed in Wabaunsee county since the venue may be held to be in that county.

If the Probate Court of Sedgwick county should hold that the venue for the probate of the estate is in some county other than Wabaunsee, then the estate should be closed.

The orders and judgments appealed from are reversed and the case is remanded for such further proceedings as may not be in conflict with this opinion.