No. 35,025

John J. Dobson, Jr., *Appellee*, v. Wilson & Company, *Appellant*.

(107 P. 2d 676)

Opinion filed December 7, 1940.

*Arthur J. Stanley, Arthur J. Stanley, Jr.,* and *Lee Weeks,* all of Kansas City, for the appellant; *R. C. Winkler,* of Chicago, Ill., of counsel.

*Frank L. Bates, Donald C. Little, Robert G. Lindsay,* all of Kansas City, and *Henry Depping,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Thiele, J.: This appeal arises under the workmen's compensation act, the question being whether the claim for compensation was served in time. We shall refer to the parties as claimant and respondent.

On September 21, 1938, claimant received an injury arising out of and in the course of his employment for which he was entitled to

scheduled compensation. After being released from the hospital he returned to his employment for a time, during which he was personally paid his wages and installments on his compensation. Sometime early in 1939 he quit work to enter school, and after that date his compensation checks were sent by registered mail to his address in Kansas City, at first weekly and later monthly. On July 29, 1939, the respondent sent him by registered mail a check for $72, the letter being delivered on July 31, 1939. Reference to a calendar will show that July 30, 1939, was Sunday, when mail is not ordinarily delivered. No further payments of compensation were made and on November 27, 1939, which the calendar shows to have been Monday, claimant served on respondent his written claim for compensation. A computation will show that excluding the first day and including the last from July 29, 1939, to November 27, 1939, the elapsed period is 121 days, and from July 31, 1939, to November 27, 1939, the elapsed period is 119 days.

The commissioner of workmen's compensation found the claim was served in time and made an award. On appeal the district court sustained the award, and the respondent appeals.

Two questions are presented for our consideration. The first is: Was claimant entitled to 120 days in which to make claim under G. S. 1939 Supp., 44-520a, or only 90 days under the statute in force at the date of the accident, i. e., G. S. 1935, 44-520a? The second is: Did claimant file his claim within 120 days?

Respondent directs our attention to G. S. 1935, 44-535, which provides the right to compensation shall be deemed to have accrued at the time of the accident, in this case September 23, 1938, and argues that the statutes as then in force, and not as subsequently amended, control; that the rights, liabilities and duties under the workmen's compensation act are contractual, and the time in which a claim must have been filed is not procedural, but is of the substance of the contract.

Under G. S. 1935, 44-520a, in force at the time of the accident, it was provided that in cases where compensation payments had been suspended, a written claim must be served on the employer "within ninety (90) days after the date of the last payment of compensation." If that section controls, the claim was made too late. Between the time of the accident and the date compensation payments were suspended, the above-mentioned section was amended to fix the period of time as one hundred and twenty days. (See G. S. 1939

Supp., 44-520a.) If the last section controls, the claim may be in time.

Respondent directs our attention to *Williams v. Cities Service Gas Co.*, 151 Kan. 497, 99 P. 2d 822, and argues that under it liability is to be determined according to pertinent provisions in effect at the time of the accident. In that case, the question was the length of time in which a minor must make his claim for compensation. While the statute under which the minor claimed was amended in 1939, that amendment was not controlling in any sense. The claim for compensation was made before the section was amended. The claim was barred under the statute in effect at the time of the accident and at the time the claim was filed. That case is not authority for holding the provision of the statute fixing time for making claim is substantive and not procedural in character. Whether we view the section under consideration as in the nature of a condition precedent or as a statute of limitations, if the written claim is not made in time, proceedings for compensation may not be maintained. In this case the period of limitation was lengthened. Within an appropriate time after the accident, the respondent commenced payment of compensation, whether by agreement or as result of a claim duly filed does not appear. The voluntary payment of the compensation would have waived necessity for the service of a claim. In any event the liability was acknowledged and the payments were continued to a time subsequent to the amendment of the statute. Assuming the statute made service of a claim a condition precedent, in this case in the first instance it was either given or waived. On its face the amended statute acted prospectively in the absence of some legislative declaration to the contrary, and there is none. In *Milbourne v. Kelly*, 93 Kan. 753, 145 Pac. 816, we considered a statute applying to decedents' estates where the period for final settlements, etc., was shortened. It was there said:

"It is settled by the great weight of authority, and is no longer disputed, that it is within the power of the legislature to amend a statute of limitations either by shortening or extending the time in which an existing cause of action may be barred, . . ." (p. 758.)

And the holding of the court was to like effect. (See Syl. ¶ 1.)

We need not discuss the contention the statute was in violation of the provision of the constitution of the United States that no state shall pass any act impairing the obligation of a contract, for this reason, if no other. At the time the section was changed, respondent

was paying claimant compensation; it was so doing when the amendment became effective on June 30, 1939; the amendment did not alter the obligation in any manner, but affected only the remedy to be pursued by claimant if respondent defaulted in its obligation. There are no vested rights to any particular remedy. (See 12 C. J. 974 *et seq.*; 16 C. J. S. 678; 6 R. C. L. 359; 11 Am. Jur. 1201.)

We are of opinion that whether the claim was made in time is to be determined by the amended statute in force at the time the default occurred and at the time the claim was served on the respondent. Was the claim served in time? The last check was mailed July 29, 1939, or 121 days before the claim was served. It was delivered through the United States mail July 31, 1939, or 119 days before the claim was served. Respondent contends that the checks were sent to claimant through the mail at his request; that he made the mail his agent, and therefore delivery to the post office was delivery to him. Claimant admits he agreed to have his checks sent by mail, but that he did not suggest or request registered mail, the inference being that if sent by ordinary mail he would have received the check sooner, but that respondent knew that registered mail would be delayed in delivery and hence knew he would not get the check until some time later. The commissioner stated he did not agree with respondent's contention, apparently placing some reliance on what was said in *Justice v. A. C. Flour Mills Co.,* 147 Kan. 402, 76 P. 2d 402. The district court, according to the journal entry, after hearing argument and considering briefs, found the award of the commissioner should be sustained.

We are concerned with the correctness of the award rather than the correctness of the reasons assigned in reaching it. We would find some difficulty in saying that claimant did not direct his check be sent him by mail. Previous checks were sent him by registered mail, and although the registering of the letters was done by respondent of its own volition, claimant accepted that method apparently without protest. But even to resolve that contention against claimant does not amount to a conclusion as a matter of law from undisputed facts that the claim was not filed in time. Assuming for present purposes the claimant made the United States mail his agent, the check here considered as sufficient payment because it was received and cashed, was paid claimant on July 29, 1939. One hundred and twenty days after that date was November 26, which was Sunday, ordinarily not a day for transaction of business.

It may be noted that while it has been held repeatedly that our workmen's compensation act is complete in itself, the act is silent on the question now under consideration, that is, whether when the last day for serving notice of claim falls on Sunday the service must have been on the preceding Saturday or may be on the succeeding Monday. The matter must be determined generally. The general rule is stated in 62 C. J. 1000, as follows:

"As Sunday is *dies non juridicus* in regard to judicial and official acts and proceedings, and as the performance of common labor as well as the transaction of ordinary business on that day is generally prohibited by statute, it is a general rule, made so by statute in many jurisdictions, that, except where the act in question may be lawfully done on Sunday, when the last day of a period of time within which an act is to be done falls on Sunday, that day is excluded from the computation, and the act may be rightfully done on the following secular or business day; and if the next succeeding day is a holiday on which the act cannot be lawfully done, it may be done on the next succeeding secular or business day thereafter; or, in case of an act to be done by a court, it may be done on the next succeeding day, after Sunday, on which the court can perform the duty imposed on it. . . ."

(See, also, 26 R. C. L. 748, for another statement of the rule.) The above rule has been held not to apply where Sunday is the last day of a period which is fully to elapse before the act is to be done. There are also some modifications of the rule in some jurisdictions where it is held if the last day falls on Sunday, it may not be excluded unless the statute so provides. In other jurisdictions the matter is controlled by specific statute. Typical of the latter class is *State, ex rel., v. Indus. Comm.*, 125 Ohio St. 447; 181 N. E. 874; 82 A. L. R. 1068, which was a compensation case, where it was held that when the last day for filing a particular motion fell on Sunday, by reason of the statute the applicant had until the following Monday. To somewhat similar effect was the compensation case of *O. K. Construction Co. v. Burwell*, 185 Okla. 444, 93 P. 2d 1092, which involved a holiday as distinguished from a Sunday, and where it was held if the last day in which to file a proceeding to review an award fell on a legal holiday, the proceeding was properly filed on the next secular day. In *Sherwood Bros. v. District of Columbia*, 113 F. 2d 162, where the question was whether a claim for refund of taxes was filed too late, the second headnote recites:

"Business practice and accepted legal principles, apart from statute, permit an act to be done on the following Monday when the last day upon which it should have been done falls on Sunday, and this is the common-law rule. Rules of Civil Procedure for District Courts, rule 6(a), 28 U. S. C. A. following section 723c."

It would appear by reason of our statutes with respect to Sunday (G. S. 1935, 21-952, 955) that the respondent could not lawfully pursue its ordinary business on a Sunday, and that its office was then open for the transaction of any business it might lawfully do, does not appear.

Not because it is in any way controlling, but because it is persuasive in determining general policy in this state, we note that our code of civil procedure expressly provides:

"The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." (G. S. 1935, 60-3819.)

We note, also, that our negotiable instruments act provides that where the last day for the doing of any required act falls on Sunday, the act may be done on the next succeeding secular or business day (G. S. 1935, 52-105), and that when any negotiable instrument matures upon Sunday, the instrument is payable on the next business day (G. S. 1935, 52-716), and see, also, G. S. 1935, 52-1901, scheduling holidays and providing that if any of those days be Sunday, the next secular or business day shall be a holiday.

In *English v. Williamson,* 34 Kan. 212, 8 Pac. 214, the period for redemption from tax sale fell on Sunday and the court held it should be excluded from computation and the next day included. (See, also, *Hill v. Timmermeyer,* 36 Kan. 252, 13 Pac. 211.)

In *Elmore v. Fanning,* 85 Kan. 501, 117 Pac. 1019, suit was on a note claimed to be barred by the statute of limitations. The last day fell on Sunday and suit was commenced on the next day. The statute of limitations and the above-quoted provision from the code of civil procedure were construed together, and it was held:

"Where the last day in the period prescribed by statute for commencing an action is Sunday, an action commenced on the following day is not too late." (Syl. ¶ 1.)

And in *Lightner v. Insurance Co.,* 97 Kan. 97, 154 Pac. 227, it was held:

"Under the terms of a life insurance policy giving one month—not less than 30 days—grace in the payment of premiums, when the last day of grace falls on Sunday the insured has the following day in which to make payment." (Syl. ¶ 1.)

We think it clear that under the workman's compensation act, the claimant had a full period of one hundred twenty days in which to serve his claim and that he was not limited to one day less because

the last day was Sunday; that under our various statutes and decisions declaring our public policy with respect to Sunday, it may not be said Sunday was a proper day on which a notice or claim should be served, and it should therefore be held that when the last day for service fell on Sunday, the claimant had the next secular or business day in which to make service.

The contention that the claim for compensation was served too late is not sustained. The judgment of the trial court is affirmed.