No. 35,691

In the Matter of the Estate of Harry R. Whittelsey, Deceased (MAUDE G. NORRIS, *Appellant,* v. W. H. WHITTELSEY and HELEN K. LEA, Executors of the Estate of Harry R. Whittelsey, Deceased, *Appellees*).

(131 P. 2d 911)

Opinion filed December 12, 1942.

*Frank E. Miller,* of Topeka, and *W. S. Norris,* of Salina, argued the cause.

*Henry H. Asher,* of Lawrence, argued the cause, and *C. M. Gorrill,* of Lawrence, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from proceedings in the probate court.

Harry R. Whittelsey, a resident of Shawnee county, died in April, 1940. A petition to have his will admitted to probate was filed, to which Maude G. Norris filed objections that the purported will was in violation of an agreement between the decedent and herself. On hearing the will was admitted to probate, and no appeal was taken from that order. Notice of appointment of the executors was first published on April 25, 1940. Nine months later, and on January 25, 1941, Maude G. Norris filed in the probate court a petition for allowance of her demand against the estate. The details need not be set out, but the substance of the claim was that by reason of her performance of services under an agreement with the decedent, she was entitled to one-half of his estate. At the time of the filing of the petition it was not set for hearing.

On February 13, 1941, the executors filed a motion to strike and dismiss the petition for the reason that publication of their appointment having been first made on April 25, 1940, and the petition of the claimant having been filed on January 25, 1941, the same was not filed within nine months, and that it was barred as a matter of law by reason of the provisions of G. S. 1941 Supp. 59-2239. On the hearing, this motion was denied. Because of the contention later discussed, we note that no attempt was made to appeal from this ruling.

Thereafter the petition of Maude G. Norris was set for hearing, and upon the hearing held October 6, 1941, the claim was disallowed. From that ruling Maude G. Norris appealed to the district court.

On March 18, 1942, the executors filed in the district court their motion to dismiss the appeal, on the grounds the claim was not exhibited within nine months from the date of the first publication of notice to creditors, and was barred by the statute of limitations and by G. S. 1941 Supp. 59-2239. The trial court filed a memorandum opinion that it was bound by the decision in *In Re Estate of Dotson*, 154 Kan. 562, 119 P. 2d 518, and it sustained the motion to dismiss the appeal. From that ruling Maude G. Norris appeals to this court, the specifications of error covering the matters hereafter discussed.

We notice first appellant's contention that the motion to dismiss filed in the district court was *res judicata* and binding on the executors for the reason the same questions were presented and raised by their motion to dismiss filed in the probate court and decided adversely to them and from which no appeal was perfected. This

contention is not good. It has been held repeatedly that an order overruling a motion to dismiss is not a final order and an appeal may not be taken therefrom. In the early case of *Brown v. Kimble,* 5 Kan. 80, it was said that denial of a motion to dismiss an action is not an order from which error lies to this court until final disposition of the action. Through the years that rule has been followed and applied in a variety of situations, *e. g., Maynard v. Bank,* 105 Kan. 259, 182 Pac. 542, where the motion was to dismiss for improper joinder; *Oil Co. v. Beutner,* 101 Kan. 505, 167 Pac. 1061, where the motion was to set aside service; *Edwards v. City of Neodesha,* 110 Kan. 492, 204 Pac. 708, where the motion was to dismiss the action as to certain parties; *Anderson v. Higgins,* 35 Kan. 201, 10 Pac. 570, where motion was to dismiss appeal from justice of the peace court; *Montgomery Ward & Co. v. Ellis,* 152 Kan. 320, 103 P. 2d 817, where the motion was to dismiss an appeal from a city court; *In re Estate of Johnson,* 147 Kan. 12, 75 P. 2d 813, where the motion was to dismiss an appeal from probate court; and see also the many cases noted in those cited.

The other contentions of the appellant cover the questions (*a*) whether the filing within time of the petition for allowance of claim constituted due exhibition of the demand, (*b*) whether such filing constituted the commencement of a proceeding in the probate court so as to require the entry within nine months after first notice to the creditors of the appointment of the executors of an order setting the petition for hearing, and (*c*) whether the provisions of G. S. 1941 Supp. 59-2237 relative to fixing time and place of hearing are rendered inoperative and void by reason of the provisions of G. S. 1941 Supp. 59-2204.

Appellant recognizes that questions (*a*) and (*b*) are controlled by the holding in *In re Estate of Dotson,* 154 Kan. 562, 119 P. 2d 518, and on which the trial court based its decision, and in her brief expresses the belief that upon full consideration this court will not follow the Dotson case as applied to the facts at bar. The only distinction in facts to which attention is directed is that in the Dotson case the claimant, after filing its petition, waited for a longer period to have a hearing set. Appellant here says the claimant in the Dotson case was guilty of laches, but the decision was not based on that ground. It may here be mentioned that in the Dotson case the claimant filed its petition within forty days after notice was first published and nothing further occurred until about

thirteen months later, when an heir moved to have the claim dismissed. In the case at bar, the claimant waited until the last day (the appellees contended until one day after) a claim could be filed, and the matter was only set after a motion to dismiss had been filed and denied. The instant case cannot be distinguished from the Dotson case for the reason asserted. The instant case presents the same situation which existed on the Dotson case, where it was held:

"Construing G. S. 1939´Supp. 59-2204, 59-2237 and 59-2239, it is *held:* One who has a demand against an estate of a decedent must initiate proceedings for its allowance by filing a petition and causing it to be set for hearing. The order setting the petition for hearing must be made within nine months after the first notice to creditors of the appointment of the executor or administrator." (Syl. ¶ 2.)

We are satisfied that case was correctly decided, and that it controls the case at bar. No purpose would be served by restating what is there said.

Not much space need be devoted to question (*c*) as stated above. All the provisions of the probate code must be considered together, and it may not be said that G. S. 1941 Supp. 59-2237 is inoperative or void by reason of 59-2204. Both sections were fully considered in arriving at the decision in the Dotson case.

The judgment of the district court dismissing the appeal from the probate court is affirmed.

Hoch, J. (dissenting): The misgivings which I have had as to the soundness of the decision in the Dotson case have strengthened—as a result of the further consideration given the question in this case—into a conviction that the construction given to the statute in the Dotson case was wrong and should be overruled.

When may a demand against an estate be said to be "exhibited," within the meaning of section 59-2239 (G. S. 1941 Supp.), which provides that "all demands, including demands of the state . . . not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment . . ."? In the Dotson case we held that the demand is not "exhibited" by the filing of a petition for its allowance, and is only "exhibited" when, after such filing, the court has set a date for a hearing on the petition. In my opinion that is a wrong construction of the statute, and introduces an undesirable uncertainty, and subtlety into the procedure.

In addition to section 59-2239 referred to above, the following

excerpts from the probate code (all references are to 1941 Supp.) are pertinent to our inquiry.

Section 59-2201: "Every application in a probate proceeding . . . shall be by petition."

Section 59-2204: "A probate proceeding may be commenced in the probate court by filing a petition and causing it to be set for hearing. When a petition is filed the court shall fix the time and place for the hearing thereof. . . ."

Section 59-2237:

"Any person may *exhibit* his demands against the estate of a decedent by *filing* his petition for its allowance in the proper probate court. . . . The court shall from time to time as it deems advisable, and must at the request of the executor or administrator, or at the request of any creditor having *exhibited* his demand, *fix the time and place for the hearing* of such demands. . . ."

It will be noted that the *commencement* of a *probate proceeding* is accomplished by two things, namely, (a) *filing* a petition and (b) *causing* it to be *set for hearing*.

Section 59-2237 says that a demand is *exhibited* by *filing* the petition. Obviously filing and setting for hearing are two different things. This is further made clear by the provisions of 59-2237 that the court shall . . . "at the request of any creditor *having exhibited* his demand, *fix the time and place for hearing*." If a demand is not to be regarded as *exhibited* until the time and place for hearing has been set, the above provision makes no sense. It amounts to saying that after a demand has been (a) filed and (b) date set for hearing a date shall then be set for hearing!

The statute should be construed just as it reads. The result would be that the demand would be considered exhibited for purposes of the nine-months bar, but the proceeding would not be considered *commenced* for other purposes until the time and place for hearing have been set. A better procedure might possibly be provided— though I see nothing seriously wrong with the statute as it is. In any event, I think that is what the legislature has provided.

The unfortunate result—as I view it—reached by the Dotson decision is that the creditor does not have it in his own hands whether he gets his demand exhibited in time. He must not only file his demand but must see to it that the court sets the hearing within the nine months. All sorts of contingencies at once suggest themselves—the judge may be absent and an acting judge not ap-

pointed, the judge may say he will set the hearing right away and forget to do it, the judge may even be recalcitrant—a possibility at least—refuse to act and no time be available for mandamus to compel him to act. In all such cases—and many others which may be imagined—the creditor may fail, through no real fault of his own, to get the hearing set within the nine months. The procedure should be such that by his own independent action he can get his claim *exhibited* in order to escape the bar of the statute. Whether he gets his proceeding *commenced* for the purpose of a determination on the merits is another matter. In that respect there is nothing wrong with compelling compliance with the requirement ·as to petitions generally—(a) filing, and (b) causing the hearing to be set. It is true—as argued—that an action is not commenced until a petition has been filed and summons issued. But the setting of a time and place for hearing is not a mere ministerial act, and even if it were I see no reason for introducing this uncertain element into the act of "exhibiting" a demand. Protection against needless delay, against dilatory tactics, after the filing of the demand, is amply provided for in the statute by provision that the court on its own motion may set the hearing and must do so upon the request of the executor or administrator. (G. S. 1941 Supp. 59-2237.) It requires no great stretch of the imagination to think of situations—such as some heretofore suggested—where it might well be argued that the rule established by our construction of the statute would deny to a creditor due process of law. It would be an extreme case—but possible. In any event the rule introduces into the procedure a factor of indefiniteness undesirable from the standpoint of attorneys as well as creditors.

Courts are properly reluctant to reverse prior decisions in the absence of cogent reasons for doing so. But here the decision is fresh, and has not crystallized into *stare decisis*. No property rights would be prejudiced by overruling it. A question of procedure only is involved. It may be said that the statute having been construed it should now be left to the legislature to amend if it does not like the construction. I do not agree with that. Convinced that our recent construction was wrong, I see no reason to leave it to the legislature to correct.

DAWSON, C. J., joins in this dissent.