No. 35,971

In the Matter of the Estate of Emily G. Reed, Deceased.   (STANLEY
· G. REED, *Appellee,* v. GERTRUDE REED MILLER, *Appellant.*)

(142 P. 2d 824)

Opinion filed November 6, 1943. ▮▮▮▮▮▮

*James A. McClure,* of Topeka, argued the cause, and *Robert Stone, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, were on the briefs for the appellant.

*Tinkham Veale,* of Topeka, argued the cause, and *John A. Etling* and *W. N. Beezley,* both of Kinsley, were on the briefs for the appellee.

Opinion of the court was delivered by

PARKER, J.: This appeal arises from proceedings initiated in the probate court for the purpose of admitting a will to probate. Since appellant's notice of appeal and specification of errors relate only to the ruling of the district court sustaining a motion to strike certain paragraphs appearing in her second amended answer, the sole question presented is the propriety of the ruling on such motion.

Facts and proceedings pertinent to a determination of the question are: Emily G. Reed, a resident of Shawnee county, Kansas, died on September 15, 1936, after having executed a will and two codicils thereto; her only heirs at law were the appellant, Gertrude Reed Miller, her daughter, and the appellee, Stanley G. Reed, her son; on September 14, 1939, the appellee filed in the probate court of Shawnee county, Kansas, the will and two codicils of his mother together with his petition for the probate of such will; it appears no further proceedings were had in probate court until January 24, 1941, when an instrument executed by appellant and denominated as a waiver of notice of hearing petition for probate was filed; thereafter, on March 12 following the probate court made an order admitting the will to probate; on December 8 of the same year appellant appealed from this order to the district court; on the 22d of that month, on motion of the appellee, the district court required

the appellant to file a pleading setting forth her grounds for opposing the admission of the will to probate; in compliance with such order the appellant filed answer on April 7, 1942, and thereafter filed an amended answer; on September 22, 1942, appellee demurred to the amended answer, which demurrer was overruled; on November 20 following appellee moved to strike certain paragraphs of the amended answer, which motion was sustained; March 10, 1943, appellant appealed from that ruling to the supreme court but later dismissed the appeal and pursuant to leave of the district court filed on April 6, 1943, a second amended answer, hereinafter referred to; appellee then filed a motion to strike paragraphs 3, 4 and 4(a) from the second amended answer for the reason the allegations thereof were redundant, irrelevant and did not constitute a defense to the admitting of the will to probate; the district court sustained such motion and the appellant appealed from that ruling.

Numerous other facts are mentioned in the abstract and discussed in the briefs, but since they are not required for purposes of this appeal, will not be referred to here.

It appears, although the amended answer was not abstracted, there being no denial of an allegation made to that effect, that paragraphs 3 and 4 of the amended answer alleged in substance the same defenses to the probating of the will as those contained in paragraph 4 of the second amended answer.

The portions of the second amended answer motioned by the appellee and stricken by the district court read as follows:

"(3) Appellant further alleges that Emily G. Reed died September 15, 1936, and on September 14, 1939, Stanley G. Reed filed a petition in the probate court of Shawnee county, Kansas, praying that said purported will and codicils be admitted to probate in said court but did not cause said petition to be set for hearing by said probate court and no order was made by said probate court fixing the time and place of the hearing of said petition, nor did the court ever fix the time and place for such hearing; that no notice was given as then required by section 198 of Ch. 180, S. L. 1939, pursuant to section 185 of said chapter nor did said court make an order to the contrary or that said notice was not required to be given. Neither did appellant waive said notice or waive the fixing of the time and place for the hearing of said petition to probate said will and codicils or waive the issuance of such order by the court until more than sixteen months after the filing of said petition, when on January 24, 1941, the appellant, Gertrude Reed Miller, for the first time, waived notice of the hearing of said petition and consented that said petition 'be heard at the time and place of hearing fixed by the court.'

"(4) Appellant alleges that the provisions of section 53 and 54 of chapter 180, S. L. 1939, (sections 59-617 and 59-618, R. S. 1941) effective at the time of the filing of said petition provided that no will of a testator shall be effectual to pass property unless an application is made for the probate of such will within one year after the death of the testator and that one who knowingly withholds a will from the probate court having jurisdiction to probate it for more than one year after the death of the testator shall be barred from all rights thereunder; that as no application was made for the probate of such will and codicils within one year after the death of the testatrix, said will and codicils were and are ineffectual to pass property thereunder or to create in petitioner any interest in the same; and that because of the fact that petitioner, having possession of and access to said purported will and codicils for the purpose of probate, withheld the same from the probate court having jurisdiction to probate them for more than one year after the death of the testatrix as hereinbefore alleged, the petitioner is barred from all rights thereunder.

"(4-A) Appellant, while alleging that the time within which an application should be made for the probate of said will and codicils is determined by section 53, Ch. 180, S. L. 1939 (59-617, R. S. 1941) and the rights of the petitioner determined by sections 53 and 54 of said chapter, pleads in the alternative that if it should be determined that said sections are not applicable in determining the time within which application should be made for the probate of said will and codicils, and that if it should be held that sections 22-232 and 22-233, G. S. 1935, are determinative thereof, then the procedure to be followed in the making of the application for the probate of said will and codicils and in the commencement of said proceedings, at the time said application was made, was governed by sections 177 and 180 of chapter 180, S. L. 1939 (sections 59-2201 and 59-2204, R. S. 1941) and by sections 198 and 199 of Ch. 180, S. L. 1939. Appellant further alleges that the petitioner did not comply with any of said sections until he procured and filed in said probate court the above-mentioned waiver and consent 'that said petition be heard at the time and place of hearing fixed by the court' to wit: On January 24, 1941, more than sixteen months after said petition to probate was filed, more than eighteen months after sections 53, 54, 177, 180, 198 and 199 of chapter 180, S. L. 1939, became effective, and more than four years and four months after the death of the decedent; that an application was not made for the probate of said will and codicils or a proceeding therefor commenced within proper time or as provided by said sections, and that the period of time ending January 24, 1941, was an unreasonable length of time in respect to the time of filing of said petition for probate, in respect to the effective date of said sections and in respect to the date of decedent's death within which to make application for probate or to commence proceedings therefor as provided by law; that the simple filing of the petition to probate said will and codicils did not constitute the making of an application to probate said will and codicils or the commencement of a probate proceeding therefor nor did it stop the statute of limitations (either section 22-232 and 22-233, G. S. 1935, or 59-617 and 59-618, R. S. 1941) from running. Further appellant alleges that at the time of hearing said petition to admit said will

and codicils the probate court was without jurisdiction to hear the same.. Appellant alleges that by reason of the premises and the neglect and delay of petitioner as aforesaid, said will and codicils are not entitled to be probated and are ineffectual to pass property thereunder or to create in petitioner any interest in the same, and that the petitioner is barred from all rights thereunder."

At the outset there are at least two propositions which should be disposed of before giving consideration to the principal issues involved. The first is that the sustaining of a motion to strike allegations involving the merits of the action and pleaded in the answer as a defense precludes the defense so pleaded' and is an appealable order. We have held a ruling of that character to be tantamount to the sustaining of a demurrer to such answer and therefore appealable. (*Miller v. Whistler*, 153 Kan. 329, 110 P. 2d 744.) The second, indirectly raised by appellee in his motion to strike and urged on oral argument, is that having appealed from the order sustaining the motion to strike paragraphs 3 and 4 of the amended answer the subsequent dismissal of that appeal bars the appellant from again relying on the defense set forth therein and later included in paragraph 4 of the second amended answer. The answer to that contention is that an order sustaining a demurrer is not such a final judgment or order as to deprive the trial court of authority to permit the filing of an amended pleading even at a term subsequent to the one at which the demurrer is sustained (*Harmon v. James*, 146 Kan. 205, 69 P. 2d 690). See, also, *Pee v. Carlyle*, 120 Kan. 200, 243 Pac. 296, holding that in a proceeding to probate a will the inquiry is limited to the subject of whether the instrument produced as a will is entitled to probate and that prior to the determination of that issue orders relating to proceedings incident to the determination of such issue are not *res judicata*.

We shall first consider G. S. 1941 Supp. 59-617, which reads:

"No will of a testator who died while a resident of this state shall be effectual to pass property unless an application is made for the probate of such will within one year after the death of the testator."

And G. S. 1941 Supp. 59-618, which reads:

"Any person who has possession of the will of a testator dying a resident of this state, or has knowledge of such will and access to it for the purpose of probate, and knowingly withholds it from the probate court having jurisdiction to probate it for more than one year after the death of the testator, shall be barred from all rights under the will and shall be liable for all damages sustained by such beneficiaries who do not have such possession of the will and are without such knowledge thereof and such access thereto."

The sections just quoted became effective, as did all sections of the new probate code herein referred to, on July 1, 1939. Although amended by chapter 213 of the Laws of 1943, they are quoted here as they appeared in the statute on the date the instant will was offered for probate.

The appellant strenuously insists these sections are determinative of the question of whether the will was entitled to probate, while the appellee just as strenuously urges the statute in force and effect prior to the adoption of the new code is determinative. That section is G. S. 1935, 22-233, which reads:

"No lands, tenements or hereditaments shall pass to any devisee in a will who shall know of the existence thereof, and have the same in his power and control for the term of three years, unless within that time he shall cause the same to be offered for or admitted to probate; and by such neglect the estate devised to such devisee shall descend to the heirs of the testator."

Preliminary to other comments to follow it should be stated that each section of the new probate code we are now considering is a statute of general limitation and is remedial in nature, notwithstanding they are to be found in the code of probate procedure and possess procedural features. The doctrine that a legislature has power to enact a statute of similar character by shortening the time in which an existing cause of action may be barred, so long as a reasonable time is given for the commencement of an action or proceeding before the bar takes effect is well recognized and unquestioned. (34 Am. Jur. 26, § 17; 12 Am. Jur. 89, § 445; 16 C. J. S. 683, § 226; *Terry v. Anderson,* 95 U. S. 628; 24 L. Ed. 365.) A limitation of time even upon the assertion of a right theretofore having no limitation upon its assertion, or a different limitation is not infrequent, and its legality is unquestionable if a time reasonable, in view of the subject matter be given (*United States v. Morena,* 245 U. S. 392, 397; 62 L. Ed. 362). That such is the rule in Kansas is no longer a debatable question (*Milbourne v. Kelley,* 93 Kan. 753, 145 Pac. 816; *Almquist v. Johnson,* 130 Kan. 417, 418, 286 Pac. 200, and *Dobson v. Wilson & Co., Inc.,* 152 Kan. 820, 822, 107 P. 2d 676).

In support of his position appellee refers to a general statute laying down rules for statutory construction which are to be followed if consistent with the manifest intent of the legislature and not repugnant to the context of the statute. This general statute becomes a part of every repealing statute that does not specifically state it is to have a retrospective effect. (*State v. Brown,* 146 Kan. 525,

528, 73 P. 2d 19, and *Mirise v. Rathbun,* 152 Kan. 441, 443, 104 P. 2d 420.) Portions thereof pertinent to our question read:

"The repeal of a statute does not . . . affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. . . ." (G. S. 1935, 77-201, *first.*)

He urges this statute requires the conclusion the provisions of G. S. 1935, 22-233, govern the time within which the will could be filed for probate. An examination of all statutes involved does not compel such a decision. This statement should not be left standing alone so we will elucidate. In the first place there is another fundamental rule of statutory construction, to which all others are subordinate, that there is a presumption the legislature intended to pass a valid act, and if there is a reasonable way to construe a statute so that it is valid instead of invalid, that construction should be given it by the court. (*State, ex rel., v. Board of Education,* 137 Kan. 451, 453, 454, 21 P. 2d 295, and *Hunziker v. School District,* 153 Kan. 102, 107, 109 P. 2d 115.) In the next, it must not be overlooked that there are no vested rights to any particular remedy or procedure. (See *Dobson v. Wilson & Co., Inc.,* 152 Kan. 820, 823, 107 P. 2d 676; 12 C. J. 974 *et seq.;* 16 C. J. S. 678; 6 R. C. L. 359; 11 Am. Jur. 1201.) Also that in Kansas statutes of limitation have been held to affect the remedy only and not to impair *rights* or *obligations* (*Almquist v. Johnson,* 130 Kan. 417, 418, 286 Pac. 200, and *Keith v. Keith,* 26 Kan. 26, and *Swickard v. Bailey,* 3 Kan. 507). Therefore, inasmuch as G. S. 1941 Supp. 59-617 and 59-618 under our decisions do not impair rights it cannot be successfully urged they affect any right of appellee which had accrued within the meaning of G. S. 1935, 77-201, and since it is conceded the application for probate of the will was not filed until after they became effective it cannot be said they affect any proceeding commenced before their enactment. Moreover, it should be noted that so far as G. S. 1941 Supp. 59-617 is involved it cannot successfully be contended that G. S. 1935, 77-201 is applicable at all, for prior to its enactment, and under the provisions of the old probate code, there was no statute of limitation fixing the time within which a will should be admitted to probate. So it can be said this particular enactment did not repeal any statute.

Another argument advanced by appellee is, and he cites many cases stating the rule with which we are in accord, that a statute operates prospectively and not retrospectively unless legislative in-

tention to make the statute operate retrospectively clearly appears. He insists that to hold the provisions of the new probate code are applicable would violate that rule. We are not so certain, since a limitation statute possesses procedural features, although we do not here pass upon that question, but what the new code does clearly indicate it was the intention of the legislature that the probate code should operate retrospectively. (See G. S. 1941 Supp. 59-2602 hereafter quoted and referred to.) What we do say is, considering the specific sections under consideration affect the remedy only and do not impair rights or obligations, there is no occasion for the application of that rule. The proceeding initiated to admit the will in question to probate was not commenced until after the provisions of the new probate code came into force and effect. Because of the reasons stated, we have concluded the statute in force at the time the application for probate of the will was filed controls, if it can be determined the new enactment gives a reasonable time for the commencing of a proceeding to probate a will before the expiration of the limitation provided for therein, in cases where a decedent died prior to the date it became effective. On this point it should be noted G. S. 1941 Supp. 59-617 requires the application for probate of a will to be made within a year after the death of the testator while G. S. 1941 Supp. 59-618 bars rights under the will if it is held by an individual having possession thereof for more than one year after the death of such person. Neither section fixes the limitation period in cases where the testator died prior to the date they became effective. The rule applicable in such cases is well stated in the case *Estate of Whiting*, 110 Cal. App. 399, 294 Pac. 502. In the opinion it was stated:

"The general rule applicable in such cases is pertinently stated by Mr. Wood in his work on Limitations, as follows (section 12): 'If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new, so as to give to both statutes a proportional effect; but that the time past is effaced, and the new law governs. That is, the period provided by the new law must run upon all existing claims, in order to constitute a bar. In other words, the statute in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was in force, and before the suit is brought, in which case the suit is barred, and no subsequent statute can renew the right or take away the bar. (Citations.)" (p. 402.)

We have no difficulty, under such circumstances, in concluding the legislature intended to give a reasonable time for the doing or failing

to do the necessary things required by the sections of the statute just referred to; namely, the filing of an application for probate of a will and the withholding of its filing for probate and that its intention was a reasonable time in either situation, would not exceed a period of one year. It follows that when appellee filed his application for probate of the will on the 14th day of September, 1939, which was within two and one-half months from the date the new probate code became effective, he acted within a reasonable time and was within the limitation fixed by the statute then in force and effect. Our conclusion G. S. 1941 Supp. 59-617 and 59-618, not G. S. 1935, 22-233, govern in determining the length of the time one has in which to make application for probate of a will, and for that matter the conclusion, presently announced as to when a proceeding for that purpose is barred is not without precedent. In *Gilbert v. Partain*, 222 Ala. 459, 133 So. 2, wherein facts and circumstances almost identical were applied to a statute similar in character to that involved in the instant case a like decision was reached by the Alabama supreme court when in the course of the opinion it was held:

"The right, if any, which vested upon the death of the alleged testator, without more, was the right of testator's heirs at law. The will, in the absence of the probate prescribed by statute, conferred no rights and could take effect only after it had been admitted to probate in the proper forum. *Jordan v. Jordan*, 65 Ala. 305, where numerous cases are cited. *Eo instanti* upon the enactment of section 10608, that statute began to run against the probate of the alleged will and against that will itself as an operative disposition of property. Appellant proponent had, after the enactment of the statute, the full time allowed by the statute for the probate of the alleged will, and having failed to propound it within that time, lost all rights under it. Such is the clear meaning of section 10608, and the court has no right or power to give it a different effect." (p. 460.)

In passing we call attention to the fact that both appellant and appellee in their briefs rely on our decision in *Siefkin v. Siefkin*, 150 Kan. 396, 92 P. 2d 1005, as applicable to their respective positions on the questions herein discussed. We do not so construe it. In the opinion in that case Mr. Justice Wedell, speaking for the court said:

"We shall first consider section 281. We do not think it was intended the provisions of that section should relate to statutes of nonclaim or limitation. The *italicized* word 'procedure' refers to procedure under the former law and we think was intended to refer to the mode or method of bringing and conducting litigation under the former law rather than to the time within which it was required to be commenced. This intention, it seems to us, is also rather

clearly indicated by the use of the deliberately selected words previously employed, to wit, *'in any particular proceeding.'* In other words, it appears it was intended that where some *particular proceeding,* in the course of administration, had been instituted prior to the effective date of the new code and in the opinion of the court the application of the new rules of procedure would not be feasible or would work an injustice, if that particular procedure were disrupted, that then the procedure under the former law should apply." (p. 399.)

The remarks of the writer of the opinion had reference solely to the applicability of G. S. 1941 Supp. 59-2602, to the facts under consideration in that case and in no sense can be construed as determinative of the rights of parties to probate a will under other sections of the code dealing with limitation questions.

Having concluded the provisions of the new probate code with reference to limitations are applicable it is not difficult to determine the purely procedural question raised by this appeal. G. S. 1941 Supp. 59-2602, having reference to procedural matters, reads:

"The rules of procedure herein prescribed shall govern all probate proceeding brought after they take effect and also all further procedure in probate proceedings then pending, except to the extent that in the opinion of the court their application in a particular proceeding when they take effect would not be feasible or would work injustice, in which event the former procedure applies. This act shall take effect and be in force on and after July 1, 1939, and after its publication in the statute book."

Appellee points to that portion of the section stating that if in the opinion of the court procedure provided for under the new act would not be feasible or work injustice the old code of procedure can be followed. He insists that language, where the testator died prior to the effective date of the new act, authorizes such action on the part of the court and cites a number of cases in support of his position. It should be noted all of those cases deal with situations where the testator not only had died prior to such effective date but where the will has been probated or application for probate made prior to that date. None deal with a factural situation similar to that involved here, *i. e.,* where the proceeding was commenced subsequently. We do not think those cases are determinative. The trouble with appellee's argument is that there was no proceeding pending prior to the effective date of the act. If there had been his position would be correct. Since there was not, and the proceeding was brought subsequently, the language "shall govern all probate proceedings after they take effect," is applicable and takes from the court all power to invoke the procedure of the

old code. This is true even if we concede, in the instant case, the court desired or attempted to apply its provisions. Under the factual situation presented here the provisions of the new enactment were applicable to a determination of all procedural questions. Without taking the time or space to quote from the decisions it will suffice to say it has been so indicated and in fact held by this court in the following cases: *First Nat'l Bank v. Gray*, 151 Kan. 558, 562, 99 P. 2d 771; *Barrett v. McMannis*, 153 Kan. 420, 424, 110 P. 2d 774, and *Erwin v. Erwin*, 153 Kan. 703, 707, 113 P. 2d 349. We reaffirm and approve the statements made and the rule announced therein. See, also, *Hicks v. King*, 157 Kan. 263, 139 P. 2d 399 and *In re Estate of Dotson*, 154 Kan. 562, 567, 119 P. 2d 518, dealing with procedural matters pertaining to other phases of probate proceedings but in effect announcing the same principle.

Perhaps unnecessary to a conclusion on the propriety of the ruling on the motion to strike is a determination of the question of whether the will was entitled to probate but since both appellant and appellee urged it, we shall give that question consideration. Under the provisions of the Kansas probate code, now appearing as G. S. 1941 Supp. ch. 59, reference to which will hereafter be made by chapter and section number, every application in a probate proceeding shall be by petition (59-2201) and a probate proceeding may be commenced by filing a petition and causing it to be set for hearing (59-2204). All proceedings are adversary. (*Egnatic v. Wollard*, 156 Kan. 843, 137 P. 2d 188.) This court is committed to the doctrine that in order to commence a proceeding the initiating party must, first, file an application by petition, and second, cause it to be set down for hearing. *In re Estate of Dotson*, supra; *Barrett v. McMannis*, supra; *Osment v. Trout*, 156 Kan. 120, 131 P. 2d 640 and *In re Estate of Whittesley*, 156 Kan. 157, 131 P. 2d 911. With specific reference to the bar of the statute of limitations Mr. Justice Harvey, who spoke for the court in the case of *In re Estate of Dotson*, supra, said:

". . . Appellant argues the word 'exhibit' simply means filing the petition. We think that view not tenable. He files a 'petition for its allowance,' and the only type of petition he can file and start the wheels of justice moving in his behalf includes the filing of the petition and causing it to be set for hearing. There is a similar provision in our code of civil procedure (G. S. 1935, 60-301), which in effect recites that a civil action may be commenced by the filing of a petition and causing a summons to be issued thereon. No one would contend that the simple filing of a petition in the district court, without

causing a summons to be issued thereon, would be the commencement of an action or would stop the statute of limitations from running. We think the same reasoning applies here. The simple filing of the petition is not the beginning of a probate proceeding, nor does it stop a statute of limitations from running." (p. 568.)

It may be suggested the court was dealing with the allowance of a claim in that case, whereas the case at bar pertains to the admission of a will for probate. There is no room for differentiation in the application of the legal principle announced. Therefore, when appellee failed to cause his application for probate of the will to be set down for hearing until March 12, 1941, almost one and one-half years after it had been filed, the bar of the limitation statute had run and the probate court had no authority to admit such will to probate.

There remains one other proposition. Appellee contends the waiver filed on January 24, 1941, estops appellant from making a defense to the probate of the will on the grounds stated in the answer. The waiver is short and we quote it:

"The undersigned, being the sole heir, legatee and devisee of Emily G. Reed, deceased, other than the petitioner, hereby waives notice of the hearing of the petition, filed herein, of Stanley G. Reed for the probate of the will of Emily G. Reed, deceased, and for letters testamentary thereof, and hereby consents that said petition be heard at the time and place of hearing fixed by the court."

Without discussing other matters which might be pertinent we hold this instrument had no effect other than to consent to the hearing of the application at a time to be fixed by the court. It did not waive any substantive rights possessed by appellant and left appellee to sustain the burden of proving the will was entitled to probate under existing provisions of the probate code.

It follows the trial court erred in sustaining the motion to strike and its order sustaining such motion is set aside and the judgment reversed.