No. 36,300

In the Matter of the Estate of Clarence C. Cramer, Deceased (THE GOLDEN RULE OIL COMPANY, *Appellant*, v. EVA CRAMER, as Administratrix, etc., *Appellee*.)

(158 P. 2d 383)

Opinion filed May 5, 1945.

*Kenneth K. Cox*, of Wichita, argued the cause and *John S. Elting*, of Dighton, was on the briefs for the appellant.

*J. E. Mowery*, of Dighton, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is from a judgment of the district court, upon appeal from the probate court, disallowing certain claims against an estate.

The facts are these: On July 23, 1942, Eva Cramer, as administratrix of the estate of Clarence C. Cramer, deceased, first published her notice of appointment in conformity with G. S. 1941 Supp. 59-2236. Among other things this gave notice to creditors to exhibit their demands against the estate within nine months from the date of the first publication notice, as provided by law, and that if their claims were not thus exhibited they would be forever barred. The nine months' period mentioned in the notice expired April 23, 1943. On April 17, 1943, The Golden Rule Oil Company filed petitions for the allowance of three money demands against the estate. No orders

were made within the nine months' period setting a time for the hearing of the petitions, nor does it appear that any request for such orders was made within that time. Sometime after April 23, 1943— the date not shown by the record—the petitions were set for hearing on May 21, 1943. At that time the administratrix objected to the petitions being heard because they had not been set for hearing within the nine months' period. The probate court sustained the objection and disallowed the demands. The Golden Rule Oil Company appealed to the district court, where the petitions were consolidated and came on for trial on September 19, 1944. Whereupon the administratrix made the same objection that she had made in the probate court, which objection was sustained and judgment rendered denying the claims. The petitioner promptly filed a motion for a new trial, which was considered by the court and overruled the same day, and the appeal to this court was taken in due time.

Appellant first contends that the decision of this court on this point in the case of *In re Estate of Whittelsey,* 156 Kan. 157, 131 P. 2d 911, and the earlier case of *In re Estate Dotson,* 154 Kan. 562, 119 P. 2d 518, were erroneous and should be overruled. For his brief in support of this contention counsel for appellant, with the consent of the author, has set out the brief of appellant in the Whittelsey case. We considered that brief at the time of the decision of the Whittelsey case and declined to follow it. Reconsidering it now we find no reason to reverse our former decision. Since the decision of the Whittelsey and Dotson cases they have been cited and followed by this court in *Burns v. Drake,* 157 Kan. 367, 368, 139 P. 2d 386, and *In re Estate of Reed,* 157 Kan. 602, 612, 142 P. 2d 824.

It is conceded by appellant that the decisions above mentioned, if followed, sustain the holding of the trial court unless the holding should be reversed because of the next point argued. The pertinent portion of G. S. 1941 Supp. 59-2237, in force at the time of the decision of the Whittelsey and Dotson cases and at the time The Golden Rule Oil Company filed its demands in the probate court, and at the time of the hearing in that court, reads as follows:

"Any person may exhibit his demands against the estate of a decedent by filing his petition for its allowance in the proper probate court. The petition shall contain a statement of all offsets to which the estate is entitled. The court shall from time to time as it deems advisable, and must at the request of the executor or administrator, or at the request of any creditor having

exhibited his demand, fix the time and place for the hearing of such demands, notice of which shall be given. . . ."

The legislature of 1943 amended and repealed this section (Laws 1943, ch. 213 §§ 3, 5). This act went into effect when published in the statute book, which was done on June 28, 1943. The amendment made was to insert after the first sentence of the statute of 1941, above quoted, the following sentence: "Such demand shall be deemed duly exhibited from the date of the filing of said petition." The change effected by the amendment was that the date of the filing of a petition for a demand was controlling in determining whether the demand was exhibited in time irrespective of when an order was made setting the petition for hearing. It will be noticed that this statute was not in effect on April 17, 1943, when the petitions for the allowance of demands against the estate were filed, nor was it in effect at the date of the hearing in the probate court. With respect to this the appellant argues that the amendment is an explanation of the intention of the legislature as to what the earlier statute meant; that it should now be construed as though the sentence inserted in the statute by the 1943 amendment was a part of the statute when the Whittelsey and earlier cases were decided. The point is not well taken. Normally, statutes act prospectively instead of retrospectively. There is nothing in the 1943 act indicating legislative intent to have it amended to act operatively prior to its effective date. Clearly it was an amendment and a repeal of the former act. In *Wyandotte County Comm'rs v. General Securities Corp.*, 157 Kan. 64, 72-78, 138 P. 2d 479, where the legislature specifically stated its interpretation of an earlier statute it was held that the legislature exceeded its powers and that the attempted interpretation of the former act was invalid.

Since the question of interpretative legislation was so thoroughly considered in the recent case of *Wyandotte County Comm'rs v. General Securities Corp.*, supra, we see no purpose in writing extensively upon the question now. Counsel for appellant cite authorities pertaining to the general rules of statutory construction, concerning which there is no controversy here. Appellant also cites *County-Seat of Linn Co.*, 15 Kan. 500, *Stewart v. Thomas*, 64 Kan. 511, 68 Pac. 70, and *State v. Shawnee County*, 83 Kan. 199, 110 Pac. 92, none of which is helpful to appellant's contention. The gist of the decision in each of those cases, insofar as pertinent here, is that

when the court has interpreted a statute, which is later amended, the court will give force to the amended act in matters which arose after it took effect. It was in effect conceded in each of those cases that the legislature desired to change the earlier statute, as it had been interpreted by the court, and accomplished that purpose by amending the earlier statute. There was no holding in any of those cases that the amended act should relate back so as to cover controversies which arose prior to the effective date of the amending act. Counsel also cite *Railway Co. v. Cowley County,* 103 Kan. 681, 176 Pac. 99, and *State, ex rel. v. Davis,* 114 Kan. 270, 217 Pac. 905. We find nothing in either of those decisions bearing upon the question sought to be presented by appellant except some statements of general rules of statutory construction which are not here in controversy.

The cases cited by counsel from other jurisdictions come no nearer sustaining the contention of appellant's counsel than do the Kansas cases cited. We think it not necessary to analyze or to cite them. It may be conceded that the legislature of 1943 thought the earlier statute, as interpreted by this court, was not as practicable as it should be and for that reason passed an amended statute repealing the earlier one. The later statute should apply, of course, to all situations which arose after it became effective. Even if it had authority to do so, the legislature did not attempt to make it apply to situations which arose prior to its effective date and we find no reason that would justify this court in doing so.

We find no error in the record. The judgment of the court below is affirmed.

BURCH, J., not participating.