NOT DESIGNATED FOR PUBLICATION

No. 127,012

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of JAMES M. ZIMMERMAN SR.


MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Oral argument held November 12, 2024. Opinion filed November 27, 2024. Affirmed.

*James G. Chappas*, of James G. Chappas, Chartered, of Topeka, for appellant.

*James S. Willard* and *Ronald L. Schneider*, of Willard Law Office, LLC, of Topeka, for appellee.

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.


PER CURIAM: Troy Zimmerman appeals the district court's decision denying the admission of his father's will to probate. Troy filed his petition six months to the day after his father's death, but he made no effort to set the matter for a hearing for over two years. Following an objection to the will's admission from Troy's brother, the district court found that Troy's petition was untimely under K.S.A. 59-2204 because he did not cause the matter to be set for hearing until 29 months after the petition was filed. Because Troy provides no basis for this court to find any error, we affirm the district court's judgment


FACTUAL AND PROCEDURAL BACKGROUND

Our record on appeal is sparse. James Zimmerman Sr. died in Topeka on March 4, 2018. He was survived by three children: James Jr., Margaret, and Troy. Several months before his death, Zimmerman Sr. had executed a will, in which he left his entire estate to

1

Troy and explicitly disinherited his other two children. Six months after Zimmerman Sr.'s death, on September 4, 2018, Troy filed a petition seeking the admission of his father's will into probate. According to the petition, the only significant asset of the estate was Zimmerman Sr.'s residence valued at approximately $45,000.

Twenty-nine months later, the matter was finally set for hearing. Although not included in the record on appeal, according to both Troy and the district court, "[a] notice of hearing first appear[ed] in the record on February 19, 2021." James Jr. later filed written defenses to Troy's petition for the admission of their father's will to probate. James Jr. argued Troy's petition was filed one day after the K.S.A. 59-617 statute of limitations period and that Troy had failed to ensure that the matter was set for a hearing as required under K.S.A. 59-2204. Troy later filed an objection to James Jr.'s written defenses. Troy asserted that James Jr. suffered no prejudice from the delay in setting the matter for hearing and alleged that the COVID-19 pandemic had interfered with his ability to more promptly ensure a hearing on the petition. The district court held a hearing on the matter on December 15, 2022—no transcript of that hearing appears in the record.

On January 4, 2023, the district court issued its memorandum order denying Troy's petition and probate proceeding as untimely commenced under K.S.A. 59-2204. The district court began by addressing, and rejecting, James Jr.'s argument that Troy filed the petition one day late based on the six-month statute of limitations provided under K.S.A. 59-617. The district court explained that under the statutory language—which specifies months, not days, as the measure of time—Troy's petition was timely because it was filed within six calendar months, no matter how many days those months contained.

Turning to the requirements of K.S.A. 59-2204, the district court found that the probate proceeding was not timely commenced because Troy did not cause the matter to be set for hearing until 29 months after the petition was filed. In explaining its decision, the district court noted that while "it is a court's responsibility to set the matter for

hearing[,] the petitioner 'bears some responsibility for ensuring that the case moves forward.'" The district court also found that the unique circumstances doctrine did not apply to save Troy's untimely petition because "[e]rrors of counsel do not count to make the doctrine apply; it must result from the court's error." Finally, the district court dismissed Troy's argument that his inaction in causing the matter to be set for hearing was excused by the Kansas Supreme Court's administrative orders relating to the COVID-19 pandemic, noting that those orders were issued 18 months after Troy first filed his petition. Troy timely appealed the district court's judgment.

ANALYSIS

The only issue on appeal is whether the district court erred in denying Troy's petition for admission of his father's will to probate. He concedes that "an unacceptable and substantial amount of time had passed between the filing of the Petition for Admission of Last Will and Testament and the setting of the matter for hearing" and also that "this delay was solely due to the inaction of [his] counsel." Troy does not contest the district court's legal conclusion that the probate proceeding was untimely commenced under K.S.A. 59-2204. He only argues that the order denying the admission of the will to probate "was inequitable given the totality of the circumstances" because James Jr. "did not allege or demonstrate prejudice due to the delay." James Jr. maintains that the district court correctly denied Troy's petition and that there is no basis to excuse its untimeliness.

Resolution of the issue on appeal requires statutory interpretation which is a question of law subject to unlimited appellate review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). The facts here are undisputed, and the application of legal principles to undisputed facts involves questions of law subject to de novo review. *In re Estate of Clare*, 305 Kan. 967, 969, 389 P.3d 1274 (2017).

3

We begin our analysis by examining K.S.A. 59-617 which states: "No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as hereinafter provided." The exception referred to in this statute applies when someone knows where a will is located and knowingly withholds it from the court. See K.S.A. 59-618. That exception does not apply here. Zimmerman Sr. died on March 4, 2018, and Troy petitioned to admit his will to probate on September 4, 2018, six months to the day after his father's death. As the district court explained, the time limitation in K.S.A. 59-617 is expressed in months, not days. The district court correctly ruled that Troy timely filed the petition for the probate of his father's will under K.S.A. 59-617.

The district court denied Troy's petition under K.S.A. 59-2204, finding that the probate proceeding was not timely commenced because Troy did not cause the matter to be set for hearing until 29 months after the petition was filed. K.S.A. 59-2204 states that "[a] probate proceeding may be commenced in the district court by filing a petition *and* causing it to be set for hearing. When a petition is filed, the court shall fix the time and place for the hearing on it." (Emphasis added.) After reviewing Kansas caselaw, the district court found that even though Troy's petition was timely filed, "he failed to ensure the matter was set for hearing, which only required for the hearing to be placed on the court's calendar." We hold the district court correctly applied K.S.A. 59-2204.

*In re Estate of Rickabaugh*, 305 Kan. 921, 928, 390 P.3d 19 (2017), addressed the procedural requirements for petitioning a will for probate in district court. The case involved a dispute between a disinherited son of the decedent and the son's daughters, who were the beneficiaries under the decedent's will. The son disputed whether his daughters commenced the probate proceedings in a timely manner. In addressing the issue, our Supreme Court explained the relationship between the time requirements in K.S.A. 59-617 and K.S.A. 59-2204:

4

"Although K.S.A. 59-617 requires only the filing of a petition within 6 months of the testator's death, K.S.A. 59-2204 requires something more to initiate an action and stop the statute of limitations from running—'setting down' for a hearing. 'The mere filing of a petition in a probate proceeding without action resulting in its being set down for hearing does not stop the running of the statute of limitations.' *In re Estate of Reed*, 157 Kan. 602, Syl. ¶ 9, 142 P.2d 824 (1943). While it is the responsibility of the district court to set a probate matter for hearing, the petitioner bears some responsibility for ensuring that the case moves forward." *In re Estate of Rickabaugh*, 305 Kan. at 928.

Our Supreme Court elaborated that "the purpose of the probate code is to assure the prompt marshalling of the assets and liabilities of a deceased so that legitimate debts may be paid and the remaining estate may be distributed . . . ." 305 Kan. at 929. In explaining its reliance on *In re Estate of Reed*, 157 Kan. 602, 142 P.2d 824 (1943), the *Rickabaugh* court stated:

"In *Reed*, no action was taken in probate between the day the petition was filed in probate court, September 14, 1939, and the day that a waiver of notice of hearing petition was filed, January 24, 1941. Such inaction by the petitioner defeated the purposes of promptly resolving claims of debtors and interests of legatees. It is not surprising this court held that the petitioner had a duty to initiate a hearing." *In re Estate of Rickabaugh*, 305 Kan. at 930.

Based on *Rickabaugh* and *Reed*, we find that the district court correctly interpreted and applied the applicable statutes to the facts of our case. After filing the petition to probate his father's will on the last possible day of the limitations period of K.S.A. 59-617, Troy took no further action to ensure that the district court placed the matter on its docket until over two years had passed. He admits as much in his brief. As noted above, Troy does not contest the district court's legal conclusion under K.S.A. 59-2204—that the probate proceeding was not timely commenced because he did not cause the matter to be set for hearing until 29 months after the petition was filed. Instead, Troy argues that James Jr. needed to establish that he was prejudiced by the delay.

In *Rickabaugh*, 305 Kan. at 931-35, and *Clare*, 305 Kan. at 969-72, decided the same day, the Kansas Supreme Court clarified the requirements of the probate code's statute of limitations and resolved a split between panels of this court about whether—as part of the "setting down for a hearing" requirement—a petitioner must obtain a written order from the district court setting a hearing date. In answering the question in the negative, the *Rickabaugh* court noted that Kansas statutes and caselaw have consistently applied flexibility to the technical requirements for probate procedures and concluded that "defects in probate procedures do not invalidate proceedings unless the defects impair the substantial rights of the parties." 305 Kan. at 931.

Along these lines, Troy argues the district court erred in failing to consider whether James Jr. was prejudiced by the 29-month delay between the filing of the petition and its setting for a hearing before denying the petition as untimely filed. He questions why his brother was not "required to allege and prove prejudice before the setting aside of his father's testamentary intent?" Troy is correct that, generally speaking, "[a] challenge to the validity of a probate proceeding . . . includes an examination of whether the rights of the challenging party were impaired as a result of any *technical errors* in following statutory mandates." (Emphasis added.) 305 Kan. at 925. But our case is readily distinguishable from the procedural facts of both *Rickabaugh* and *Clare*.

In both *Rickabaugh* and *Clare*, the petitioners secured the internal docketing of the proceeding, and the matters were promptly set for hearing. The issue presented in both cases involved the technical failure to obtain a written order from the district court setting a hearing date. The petitioners complied with the procedural requirement to timely cause their petitions to be set for a hearing by contacting the court and requesting a hearing. Under these facts, our Supreme Court found that the "lack of a signed order in both [the *Clare* and *Rickabaugh*] cases is at most a technical deficiency." *Rickabaugh*, 305 Kan. at 935. As the *Rickabaugh* court summarized: "In neither *Clare* nor the present case does the challenger to the probate proceeding assert any cognizable harm or prejudice resulting

6

from the internal docketing of the case, and in both cases the matters were set for hearing promptly, avoiding the delays against which *Reed* cautioned." 305 Kan. at 935.

Here, it cannot be said that Troy's actions amount to a mere technical defect. There is no dispute that Troy simply failed to take any action to obtain a hearing date until 29 months after filing the petition. This case involves more than the mere failure to submit a written order to secure a hearing that has already been set by the probate court. By completely failing to cause the petition to be set for a hearing, the probate proceeding was never commenced. This complete failure to follow statutory mandates of the probate code's statute of limitations cannot be cured by weighing it against whether James Jr.'s rights were impaired. While the probate code disfavors technical defects as bars to probate and does not require a particular procedure for setting a hearing, the record does not show that Troy made any attempt or effort to set his petition for a hearing.

We recognize that K.S.A. 59-2204 states that when a petition to probate a will is filed, "the court shall fix the time and place for the hearing on it." But the *Rickabaugh* court explained that although it is the district court's responsibility to set a probate matter for hearing, "the petitioner bears some responsibility for ensuring that the case moves forward." 305 Kan. at 928. The district court relied on this language in *Rickabaugh* to find that the probate proceeding was not timely commenced. All Troy needed to do to set the matter for hearing was to ask the court for a hearing date. Under the circumstances of this case, we cannot find the district court erred in denying the petition under K.S.A. 59-2204.

Troy makes passing reference to the district court's discussion of the unique circumstances doctrine and our Supreme Court's ruling in *In re Estate of Oroke*, 310 Kan. 305, 317, 445 P.3d 742 (2019), applying the doctrine to save a cause of action from being dismissed on statute of limitations grounds. Even assuming the doctrine could apply here, Troy has provided no substantive argument on the matter in his appeal. That said, Troy

concedes it was his own fault, or the fault of his counsel, in not setting the petition for hearing for 29 months. The district court correctly found that the unique circumstances doctrine did not apply to save Troy's untimely request for a hearing because "[e]rrors of counsel do not count to make the doctrine apply; it must result from the court's error."

Finally, Troy makes no argument on appeal, as he did in district court, that the COVID-19 pandemic had interfered with his ability to more promptly ensure a hearing on his petition. An issue not briefed is deemed waived and abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020).

Affirmed.