(962 P.2d 564)
No. 76,369

In the Matter of the Estate of M. D. THOMPSON, Deceased.

Opinion filed September 5, 1997.

*Charles E. Watson*, of Wellington, for appellant.

*Dennis P. Wetta* and *Dennis E. Shay*, of Smith, Shay, Farmer & Wetta, L.L.C., of Wichita, for appellee.

Before KNUDSON, P.J., ROYSE, J., and J. STEPHEN NYSWONGER, District Judge, assigned.

NYSWONGER, J.: M.D. Thompson died on September 8, 1994. His son, Joe Thompson, filed a petition to admit decedent's will to probate on February 17, 1995. The petition was not set for hearing until November 15, 1995. The trial court refused to admit the will to probate, finding that the matter was not timely commenced within the statute of limitations period set out in K.S.A. 59-617. The sole issue on appeal is whether *In re Estate of Reed*, 157 Kan. 602, 142 P.2d 824 (1943), remains the law of Kansas regarding the

timely commencement of a probate proceeding under K.S.A. 59-2204 and K.S.A. 59-617. We conclude that the answer is yes.

In *Estate of Reed*, the Supreme Court held that a petition to admit a will to probate must be filed *and* set for hearing within the limitations period; simply filing a petition without causing it to be set for hearing is insufficient to stop the running of the statute of limitations. 157 Kan. at 613.

Appellant contends that the 1943 legislative amendment to G.S. 1935, 59-2237 (now K.S.A. 59-2237), which expressly provides that a creditor's demand against a decedent's estate is effective upon the filing of a petition within the statutory period, had the effect of overruling the decision in *In re Estate of Dotson*, 154 Kan. 562, 119 P.2d 518 (1941), upon which the *Estate of Reed* court relied. Appellant argues that because *Estate of Dotson* is no longer viable, *Estate of Reed* must be overruled in favor of an interpretation that a probate proceeding is commenced and the statute of limitations stops running immediately upon filing a petition to admit a will to probate.

The *Estate of Dotson* court held that to "exhibit" a demand under 59-2237, the creditor had to file a petition and cause the petition to be set for hearing within the statutory period. 154 Kan. at 568-69. In *Estate of Reed*, 157 Kan. at 613, the court cited the opinion in *Estate of Dotson*, finding that "[t]here is no room for differentiation in the application of the legal principle announced." The simple filing of the petition is not sufficient to commence a probate proceeding or to stop the statute of limitations from running. 157 Kan. at 613.

Appellant misconstrues the significance of the legislature's 1943 amendment to 59-2237; it only governs the "exhibition" of demands by the decedent's creditors against the estate. The exhibition of a demand against an estate is a separate and distinct proceeding from one for admitting a will for probate or seeking administration of the estate. See *In re Estate of Jones*, 3 Kan. App. 2d 63, 65, 588 P.2d 960 (1979). To adopt the position asserted by the appellant would render K.S.A. 59-2204 meaningless. K.S.A. 59-2204 provides that a probate proceeding may be commenced by "filing a petition and causing it to be set for hearing."

The legal principle announced in *Estate of Dotson*, though no longer applicable in the creditor demand context, makes perfect procedural sense when commencing a probate proceeding. Justice Harvey, speaking for the court in *Estate of Dotson*, compared probate proceedings with civil actions under chapter 60. He said:

"There is a similar provision in our code of civil procedure (G. S. 1935, 60-301), which in effect recites that a civil action may be commenced by the filing of a petition and causing a summons to be issued thereon. No one would contend that the simple filing of a petition in the district court, without causing a summons to be issued thereon, would be the commencement of an action or would stop the statute of limitations from running." 154 Kan. at 568.

Although the legislature has seen fit to make a creditor's demand against a decedent's estate effective from the date of the filing of a petition, the legislature has not eliminated the language in K.S.A. 59-2204 that requires the petition to be set for hearing to commence the probate proceeding. The filing of a petition to admit a will to probate, or the filing of a petition for administration and causing that petition to be set for hearing, are the mechanisms which trigger the judicial process within the context of the probate code, just as the filing of a petition and causing summons to issue trigger the commencement of a civil action under our code of civil procedure.

Under our current law, to timely commence a probate proceeding to admit a will to probate, the petitioner must, within 6 months of the decedent's death, file a petition and cause it to be set for hearing. See K.S.A. 59-617; 59-2204; *Estate of Reed,* 157 Kan. at 612-13.

The appellant failed to set the petition for admission of decedent's will for hearing within the 6 months provided by K.S.A. 59-617, and as such, it is time barred.

Affirmed.