(114 P.3d 175)
No. 92,482

MAIANH NUGYEN, d/b/a HONG KONG RESTAURANT, *Appellant*, v. VIVIAN ESPLUND, *Appellee*.

Opinion filed June 17, 2005.

*Jon R. Craig*, of Craig & Gaede, of Garden City, for appellant.

No appearance by appellee.

Before ELLIOTT, P.J., MALONE and BUSER, JJ.

ELLIOTT, J.: Maianh Nugyen appeals from the trial court's refusal to issue a bench warrant in a civil contempt case. We reverse.

Nugyen obtained a default judgment against Vivian Esplund for a bad check. Esplund was then personally served regarding a hearing in aid of execution. Esplund failed to appear, and the court ordered Esplund cited for contempt.

Esplund was again personally served with notice of the contempt hearing, and Esplund again failed to appear. The court granted Nugyen's request for a bench warrant for Esplund's arrest, and Nugyen's counsel prepared a bench warrant on a standard form and submitted it to the clerk. The clerk returned the warrant with a note indicating an affidavit needed to be attached.

At a subsequent hearing, Nugyen again requested the bench warrant to be issued without an affidavit. Nugyen relied on K.S.A. 2004 Supp. 61-3608. The trial court denied the request, relying on Local Rule 23 for the 16th Judicial District.

We have unlimited review over questions of statutory construction. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

And it is presumed the legislature did not enact useless or meaningless legislation. *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002).

K.S.A. 2004 Supp. 61-3608 states that if "a person fails to comply with the requirements of K.S.A. 2004 Supp. 61-3606, and amendments thereto, . . . the court may issue a bench warrant . . . to bring such person before the court to answer for contempt. The bench warrant *does not need to be supported by affidavit* or other verification." (Emphasis added.)

The 16th Judicial District Local Rule 23 requires a verified affidavit be attached to any request for a bench warrant even in chapter 61 contempt hearing cases.

Each judicial district is allowed to make its own local rules as it deems necessary. *But* these local rules are allowed only to the extent "they are not inconsistent with the applicable statutes and rules." Supreme Court Rule 105 (2004 Kan. Ct. R. Annot. 162).

Local Rule 23 and K.S.A. 2004 Supp. 61-3608 are inconsistent and in conflict with one another. Pursuant to Supreme Court Rule 105, the statute necessarily trumps the local rule. Local Rule 23 is therefore invalid.

To the extent the trial court's ruling may be implied to hold 61-3608 is unconstitutional, we lack jurisdiction to adjudicate that implied ruling. See K.S.A. 60-2101(b).

We would, however, add the following dicta. As we read *State v. Ruden*, 245 Kan. 95, 774 P.2d 972 (1989), a probable cause finding is necessary if a warrant is to be used to enter a person's house. But the *Ruden* court acknowledged that a bench warrant issued in a civil case, as here, does not require a finding of probable cause. 245 Kan. at 104. K.S.A. 2004 Supp. 61-3608 appears to us to be constitutional.