No. 112,762

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of MICHAEL A. CLARE, Deceased.

SYLLABUS BY THE COURT

1.

K.S.A. 59-2239(1) requires a creditor to timely file a petition to open an estate before the 6-month nonclaim period expires.

2.

To open an estate proceeding, K.S.A. 59-2204 requires the petitioner to file a petition and cause it to be set for hearing.

3.

Jurisdiction to open a creditor estate administration is acquired by the district court when a petition is filed and the petitioner has caused the petition to be set for hearing by obtaining an executed order for hearing before the nonclaim period expired.

4.

The hearing date on the petition may be after the nonclaim period has expired if the order setting the date for hearing is executed before the nonclaim period expired.

5.

K.S.A. 59-2204 cannot be read on its own and must be read together with the other probate statutes governing the procedures to be followed in opening an estate proceeding.

1

6.

After a petition to open an estate is filed, K.S.A. 59-709 requires notice, pursuant to an order of the district court, be provided to all creditors of the estate known and unknown.

7.

After a petition to open an estate proceeding is filed, K.S.A. 59-2208 and K.S.A. 59-2209 both require an order for hearing executed by the district court setting the date and time of the hearing. The order generally defines the type of notice to be provided to all interested parties, heirs, and creditors known or unknown, whether by publication or as the court directs as reasonable.

8.

When K.S.A. 59-2204, K.S.A. 59-709, K.S.A. 59-2208, K.S.A. 59-2209, and K.S.A. 2014 Supp. 59-2222(a) are read in pari materia, we define "cause it to be set for hearing" to mean the petitioner must provide an order for hearing to the district court to execute, setting the time and place of the hearing on the petition.

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed September 4, 2015. Affirmed.

*John W. Kurtz*, of Hubbard & Kurtz, L.L.P., of Kansas City, Missouri, for appellant Jessica K. Crosslin.

*Charles J. Andres*, of Olathe, for appellee Christine J. Clare.

Before SCHROEDER, P.J., GREEN, J., and JOHNSON, S.J.

2

SCHROEDER, J.: Michael A. Clare and his wife, Deborah Clare, were found in their Johnson County residence on December 22, 2013, in what the district court found to be a murder/suicide tragedy with Michael as the shooter. Michael died intestate. Deborah's daughter, Jessica K. Crosslin, petitioned to open Michael's estate to file a claim against the estate. The district court found the petition by Crosslin to open Michael's estate was ineffective because, as a creditor of the estate, she failed to obtain an executed order for hearing within 6 months of Michael's death. We find the district court correctly applied the statutory provisions requiring the petitioner to "cause [the petition] to be set for hearing" by having an order for hearing executed by the district court before the 6-month nonclaim period expired. See K.S.A. 59-2204. We affirm.

FACTS

Michael's estate became the primary beneficiary of a $250,000 life insurance policy issued by American Family Life Insurance Company with Michael as the owner. Deborah was initially listed as the primary beneficiary of the policy with Michael's children listed as the contingent beneficiaries. Michael had no biological children. Crosslin initiated the proceedings to open Michael's estate in order to file a wrongful death tort claim. Christine J. Clare is Michael's sister. Shirley R. Stockton is Michael's mother and sole heir at law of Michael. Shirley requested Christine act as the administrator of Michael's intestate estate.

On June 10, 2014, counsel for Crosslin filed a petition to open an estate proceeding and for issuance of letters of administration for Michael's estate. The paralegal for John Kurtz, Crosslin's counsel, exchanged emails with the administrative assistant (AA) at the Johnson County District Court Probate Division, requesting a date for a hearing on Crosslin's petition. July 21, 2014, was selected as the hearing date, and the AA advised she would put it on the district court's calendar. The date and time

3

selected were added into the district court's electronic docket; however, Crosslin's counsel never provided an order for hearing to the district court, and no such order was ever issued. Crosslin published the notice of hearing and the notice to creditors in The Olathe News. The 6-month deadline for a creditor to timely open an estate as set out in K.S.A. 59-2239(1) lapsed on June 22, 2014.

On July 3, 2014, Christine, on behalf of her mother, filed a petition for issuance of letters of administration in the same proceeding because the nonclaim period had expired on the petition initiated by Crosslin. Her petition included a waiver of notice request and written objections to the petition filed by Crosslin. Counsel for Christine submitted and obtained an executed order for hearing setting her petition for hearing on July 21, 2014. The order for hearing was signed by the district court on July 3, 2014. Crosslin claims the order for hearing obtained by Christine on July 3, 2014, setting Christine's petition for hearing on July 21, 2014, cured Crosslin's failure to obtain an executed order by the court setting Crosslin's petition for hearing.

On July 18, 2014, an order of continuance reflects the unconfirmed hearing (no order for hearing was executed) for July 21, 2014, on Crosslin's petition was continued and the hearing on Christine's petition set by an executed order of the district court for July 21, 2014, was also continued. On August 25, 2014, Christine was issued letters of administration for Michael's estate through an agreement between Crosslin's attorney and Christine's attorney. Christine, as administrator of Michael's estate, filed a petition to determine whether Crosslin's claim against the estate had expired and was barred pursuant to K.S.A. 59-2239(1). Crosslin objected to the petition and filed a memorandum trial brief. The matter was set for hearing.

The district court determined the filing date of Christine's petition for administration of the probate estate—July 3, 2014—was the day the estate proceedings

commenced. The district court then found that pursuant to K.S.A. 58-709, both Michael and Deborah were deemed to have legally predeceased the other and, therefore, Deborah was not considered a surviving spouse. Finally, the district court found:

> "[Crosslin] did not cause her petition to be set for a hearing before the 6 month statute of limitations set forth in K.S.A. 59-2239(1) expired, because she failed to have the Court enter an Order for Hearing. All claims of [Crosslin] subject to the special statute of limitation provided for in K.S.A. 59-2239(1) are therefore barred. However, to the extent that the statute of limitation continues to run on the underlying tort action, claims against the administrator for non-probate assets are not yet barred under K.S.A. 59-2239(2)."

Crosslin timely appeals.

## ANALYSIS

*Did the district court err when it found Crosslin did not cause her petition to be set for hearing before the nonclaim period expired?*

Both parties agree Kansas caselaw is clear—K.S.A. 59-2239(1) required Crosslin to timely petition to open the estate before the expiration of the 6 months after Michael's death in compliance with K.S.A. 59-2204. K.S.A. 59-2204 required Crosslin complete two steps—file a petition for the administration of Michael's estate and cause it to be set for hearing. See *In re Estate of Reed*, 157 Kan. 602, 142 P.2d 824 (1943*); In the Matter of Estate of M.D. Thompson*, 24 Kan. App. 2d 321, 962 P.2d 564, *rev. denied* 263 Kan. 886 (1997).

Before we discuss what "causing it to be set for hearing" means, we recognize K.S.A. 59-2239 is a special statute of limitations governing claims against a decedent's estate. *Union Nat'l Bank & Trust Co. v. Estate of Werning*, 233 Kan. 671, Syl. ¶ 1, 665

5

P.2d 192 (1983). K.S.A. 59-2239 is also referred to as a nonclaims statute that requires an estate to be opened within 6 months of the decedent's death for a creditor's claim to be filed against the estate.

The question then becomes: What action by the petitioner constitutes the timely commencement of a probate action? We must determine the commencement date to define whether the action was timely commenced within the time allowed by the non-claims statute, K.S.A. 59-2239. The key here is commencement and when the petitioner has completed the two steps required by K.S.A. 59-2204 to commence the estate and stop the nonclaim statute from running. This is similar to the requirement a plaintiff must comply with in filing a civil lawsuit by having a summons issued and timely served pursuant to K.S.A. 2014 Supp. 60-203(a) or (b). The nonclaim statute is in place to require creditors to timely file their claims, and in this particular case, to timely open the estate proceeding. One cannot just file the petition and make an email request to set a hearing date. The petitioner must confirm the hearing date pursuant to the probate notice statutes with an order executed by the district court.

"The primary purpose for K.S.A. 59-2239 is the speedy settlement of the estates in the interest of creditors, heirs, legatees, and devisees, and to settle titles to real estate. It is a bar on which parties may rely. [Citation omitted.]" *In re Estate of Tracy*, 36 Kan. App. 2d 401, 405, 140 P.3d 1045 (2006), *disapproved on other grounds by In re Estate of Strader*, 301 Kan. 50, 60, 339 P.3d 769 (2014).

Statutes of limitations are strictly construed based on the language chosen by the legislature. See *In re Estate of Strader*, 301 Kan. at 60 (wills must be offered for probate within the time provided by K.S.A. 59-617).

6

At the time of its decision, the district court's analysis reflected that there was no specific Kansas statute or caselaw defining the phrase *causing it to be set for hearing*. In applying the phrase, the district court relied on various other statutes and cases discussing an order for hearing. The district court concluded K.S.A. 59-2204 and Johnson County Local Court Probate Rule No. 1 required an order for hearing to be executed by the district court before the 6-month nonclaim period expired. Johnson County Local Court Probate Rule No. 1, A.1 states:

"It shall be the duty of the filing attorney (or pro se petitioner) to obtain, at the time of the filing of the petition, a hearing date for the hearing of the petition filed, and to provide an '*Order of Hearing*' presented to the Court for execution and filing, unless all appropriate documentation, including the entries of appearance, consents and waivers, are filed with the petition.

(a) Commencement of any action requires both the filing of the petition and the obtaining of an '*Order for Hearing*' (or equivalent). Just filing the petition will not result in the matter being scheduled for hearing and may result in substantial prejudice to the petitioning party." (Emphasis added.)

The district court also held that the local court rule requiring an executed order to set a petition for hearing did not contradict the plain language of K.S.A. 59-2204.

*Interpretation of Statute and Johnson County Local Court Rule*

On appeal, Crosslin argues the district court erred when it found that an executed order for hearing was required to "cause the petition to be set for hearing." Crosslin is asking this court to find that a request for a hearing by email, not confirmed by an executed order for hearing by the district court, is sufficient to *cause the petition to be set for hearing*. To answer the question presented requires interpretation of a statute and Johnson County Local Court Rule. Statutory interpretation is a question of law over

7

which appellate courts have unlimited review. *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014). Interpretation of a local court rule is a question of law subject to unlimited review. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013).

K.S.A. 59-2204 states:

"A probate proceeding may be commenced in the district court by filing a petition and causing it to be set for hearing. When a petition is filed, *the court shall fix the time and place for the hearing on it*. When a petition is filed for the appointment of a personal representative, the court may appoint the proposed personal representative or some other suitable person, with or without bond, to conserve the estate until a hearing is had and a personal representative is appointed." (Emphasis added.)

While we have not found a Kansas case directly addressing the interpretation of the phrase "causing it to be set for hearing," we have found several Kansas cases that presuppose an order is required to set a petition for hearing and to stop the time clock from running. In *In re Estate of Dotson*, 154 Kan. 562, Syl. ¶ 2, 119 P.2d 518 (1941), the Kansas Supreme Court, in construing the relationship between G.S. 1939 Supp. 59-2204, G.S. 1939 Supp. 59-2237, and G.S. 1939 Supp. 59-2239, held:

"One who has a demand against an estate of a decedent must initiate proceedings for its allowance by filing a petition and *causing it to be set for hearing*. The order setting the petition for hearing must be made within nine months after the first notice to creditors of the appointment of the executor or administrator." (Emphasis added.)

While *Dotson* is no longer applicable in the creditor demand context, it is still valid law regarding the procedural requirements for commencing a probate action. *Thompson*, 24 Kan. App. 2d at 323. While the Kansas Supreme Court in *Dotson* did not

specifically state an order is required, the court said an order setting the petition for hearing had to be made before the nonclaim period expired. The same, or very similar, language was used by our Supreme Court in *In re Estate of Keenan*, 175 Kan. 207, 210, 262 P.2d 835 (1953); *In re Estate of Reed*, 157 Kan. 602, 612, 142 P.2d 824 (1943); and *In re Estate of Whittelsey*, 156 Kan. 157, 131 P.2d 911 (1942) (recognizing a petition must be timely filed and set for a hearing with reference to an order for hearing).

Since the phrase "causing it to be set for hearing" in K.S.A. 59-2204 is not statutorily defined, we must apply the rules governing statutory construction in seeking legislative intent. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Nationwide Mutual Ins. Co. v. Briggs*, 298 Kan. 873, 875, 317 P.3d 770 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Cady*, 298 Kan. at 738. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Cady*, 298 Kan. at 739.

"When construing statutes to determine legislative intent, appellate courts consider various provisions within an act in pari materia with a view to reconciling and bringing those provisions into workable harmony if possible. [Citation omitted.]" *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). "[W]e have a canon of construction that directs us to construe statutes to avoid unreasonable or absurd results, based on a presumption that the legislature does not intend to enact meaningless legislation. [Citation omitted.]" *Fisher v. DeCarvlho*, 298 Kan. 482, 495, 314 P.3d 214 (2013).

As we consider the legislative intent behind K.S.A. 59-2204, it is our task to interpret the statute as the legislators intended it to be applied to initiate a probate proceeding. Our goal is to be faithful to the statute's intent and to carry out its intended purpose.

The first sentence of K.S.A. 59-2204 begins by stating: "A probate proceeding may be commenced . . . by filing a petition and causing it to be set for hearing." When we look at this sentence, it directs what the petitioner must do to initiate a probate action. The adverbial phrase *by filing a petition and causing it to be set for hearing* modifies the verb "commenced." Here, the adverbial phrase tells how the probate proceeding may be commenced. Clearly, it is not the function of the district court to file a petition and cause it to be set for hearing. Indeed, that function falls to the petitioner. Moreover, it is the function of the petitioner to cause the district court to fix the time and place for the hearing on the petition.

For example, the second sentence of K.S.A. 59-2204 states: "When a petition is filed, the court shall fix the time and place for the hearing on it." Obviously, one of the purposes for fixing the date for hearing on a petition is to enable a notice to be given. In setting the hearing date, the petitioner and the court must consider the other statutes in the probate code involving notice. The petition cannot be set for hearing without the involvement of the notice statutes—K.S.A. 59-709, 59-2208, 59-2209, or 2014 Supp. 59-2222(a)—as the particular probate action may require. The court then determines whether notice to all interested parties, heirs, or creditors, known and unknown (Interested Parties) will be accomplished by publication or as the court may otherwise direct. The phrase in K.S.A. 59-2204, "causing it to be set for hearing," cannot be read out of context or on its own. In construing a statute, a court may properly look to the meaning in a pattern of related statutes. See *Van Beeck v. Sabine Towing Co.*, 300 U.S. 342, 351, 57 S. Ct. 452, 81 L. Ed. 685 (1937). Moreover, the plain meaning of the language at issue is

10

strengthened by an overall reading of the statutory scheme. *Jantz v. Brewer*, 30 S.W.3d 915, 918 (Mo. App. S.D. 2000).

When publication is required, as it was in this case, the first of three publication notices must be completed within 10 days of the order by the district court fixing a hearing date that is set between the 7th and 14th day after the last publication notice. The legislature used the word "court" in K.S.A. 59-2204 to set out the district court's required involvement in working with the petitioner to issue an order defining the type of notice required to open the estate and thereby establish the date the action was commenced.

As we have previously mentioned, we must read K.S.A. 59-2204 in conjunction with the other provisions of the probate code in order to determine legislative intent. The following statutes require an order of the district court and must be read in conjunction with K.S.A. 59-2204:

- K.S.A. 59-709(a): "Every petitioner who files a petition for administration or probate of a will shall give notice thereof to creditors, pursuant to an *order* of the court, and within 10 days after such filing." (Emphasis added.)
- K.S.A. 59-2208: "When notice of any probate proceedings is required by law or deemed necessary by the court and the manner of giving it is not directed by law, the court shall *order* notice to be given to all persons interested." (Emphasis added.)
- K.S.A. 59-2209: "The first publication shall be made within 10 days after the *order* fixing the time and place of the hearing." (Emphasis added.)
- K.S.A. 2014 Supp. 59-2222(a): "Notice of the hearing shall be given pursuant to K.S.A. 59-2209, and amendments thereto, unless the court makes an *order* to the contrary. If notice is by *order* of the court not required to be given pursuant to K.S.A. 59-2209, and amendments thereto,

11

the court shall *order* notice of the hearing to be given, unless waived, in such manner as the court directs." (Emphasis added.)

While this is not a definitive list of the entire probate code, it does reflect the primary statutes requiring the petitioner obtain an order for hearing from the district court. The order generally reflects what action(s) the petitioner is requesting to happen in the probate proceedings and how all Interested Parties shall be notified of the pending action(s).

There is no definition for "order" within the probate code, so we turn to Black's Law Dictionary 1270 (10th ed. 2014): "A written direction or command delivered by a government official, esp. a court or judge." If the legislature did not intend for an order to cause the petition to be set for hearing under K.S.A. 59-2204, it would not have linked the timing of the notice in K.S.A. 59-2209 or K.S.A. 59-709 to the date the order was executed. The other relevant notice statutes, K.S.A. 59-2208 and K.S.A. 2014 Supp. 59-2222(a), both require the district court to make an order to determine the type of notice to be provided to all Interested Parties unless waived in writing by all parties. If all heirs, devisees, and legatees enter their appearance and waive notice, the waiver pursuant to K.S.A. 59-2223 must be approved by the court, and that again would require the court to find by an order pursuant to K.S.A. 59-2222(a) that notice has been waived and no notice is required. Without an executed order, there is nothing in the record to reflect the various statutes' required time constraints for notice to all Interested Parties have been followed, providing the probate court jurisdiction to consider the merits of the petition based on timely and verifiable notice. The legislature clearly intended an order for hearing be obtained by the petitioner, otherwise it would not have used the term "order" in every notice statute and specifically required the district court to determine the type of notice to be provided to all Interested Parties through that order.

12

Some might argue that commencing an action under K.S.A. 59-2204 simply requires the filing of a petition. With that general proposition, we cannot agree. It is clear from a reading of all the notice statutes, it is the duty of the district court to fix the time and place of the hearing. As the court in *Dotson* said: "The simple filing of the petition is not the beginning of a probate proceeding, nor does it stop a statute of limitations from running." 154 Kan. at 569. The duty is upon the petitioner to set the petition for hearing, and that is done by an order. 154 Kan. 562, Syl. ¶ 2.

Additionally, we acknowledge the Kansas Judicial Probate Forms, 3d ed. with 2012 supplements, which is a general reference guide for practitioners in Kansas for probate-related issues. Review of the probate forms book reflects an order is to be obtained from the court at the time the petition is filed. Although this is not binding precedent, it does support our determination that an executed order must be obtained setting the petition for hearing. Also supporting our determination is the Kansas Bar Association Handbook entitled: Kansas Probate & Trust Administration After Death (7th ed. 2008). It refers practitioners to the Kansas Judicial Probate Forms book for relevant forms to be used in probate proceedings.

*Email Exchange with the Administrative Assistant*

Crosslin acknowledges the petition had to be set for hearing; however, she argues the email exchange with the AA was the equivalent of an order for hearing when the AA placed a hearing date on the Johnson County District Court's calendar. As additional support for this argument, Crosslin claims the judge of the probate court can delegate the authority to set hearings pursuant to Johnson County Local Court Probate Rule No. 1, A.3 to his or her AA. Johnson County Local Court Probate Rule No. 1, A.3 states: "Any order that is for the purpose of scheduling only may be executed by the Court's AA and shall have the same effect as though signed by the Judge in person." Crosslin is correct

13

when stating the local court rule provides that the district court judge may allow his or her AA to set hearings, but Crosslin neglects to acknowledge the local court rule also required that an order be provided and executed to set the hearing date. Crosslin admits an order for hearing was never provided before the nonclaim period expired.

Our review of Johnson County Local Court Probate Rule No. 1, A.3 reflects it is for scheduling purposes only. An order for hearing in a probate action generally does more than just schedule a hearing when opening an estate proceeding; it also establishes how notice of the hearing shall be provided to all Interested Parties. Because no order for hearing was submitted to the AA to be executed in this case, we will leave for another day to determine whether Johnson County Local Court Rule No. 1, A.3 is a proper delegation of the district court judge's duty.

Crosslin's argument that her emails with the judge's AA were the equivalent of an order for hearing is not persuasive. An email exchange is not an order of the district court. An order of hearing in a probate proceeding is an executed order by the district court which triggers a hearing date and generally establishes how notice will be provided to all Interested Parties. The emails were a private conversation discussing available hearing dates that needed to be confirmed by an order for hearing, as the court in *Dotson* said:

> "There is a similar provision in our code of civil procedure, G.S.1935, 60-301, which in effect recites that a civil action may be commenced by the filing of a petition and causing a summons to be issued thereon. No one would contend that the simple filing of a petition in the district court, without causing a summons to be issued thereon, would be the commencement of an action or would stop the statute of limitations from running. We think the same reasoning applies here. The simple filing of the petition is not the beginning of a probate proceeding, nor does it stop a statute of limitations from running.

14

"Appellant points out that it is the duty of the court to fix the time and place of hearing. Certainly it is the function of the court to fix the time of hearing, but the duty is imposed upon the claimant to cause that to be done." 154 Kan. at 568-69.

*Dotson* confirms that simply filing a petition is insufficient to open an estate as the petition must be set for hearing. Causing a petition to be set for hearing requires the petitioner provide an order for hearing to the district court to execute, reflecting the hearing date the court has set, not a private string of emails asking for a hearing date.

As our Supreme Court said in the past, probate proceedings are adversarial. See *In re Estate of Reed*, 157 Kan. at 612. The adversarial process cannot proceed without clear orders executed by the district court reflecting the date the petition is set for hearing and how all Interested Parties are to be notified. The district court did not err in finding that the AA's private emails with Crosslin and her agreement to put the hearing on the district court's electronic docket was insufficient to cause the petition to be set for hearing without an executed order for hearing signed by the district court.

*Conflict Between Local Court Rule and Statute*

Next, Crosslin argues the district court erred when it relied in part on the Johnson County Local Probate Rule No. 1, A.1 because the rule is inconsistent with K.S.A. 59-2204. Crosslin suggests K.S.A. 59-2204 *does not* require an order for hearing, while also claiming the Johnson County rule *does* require a separate order for hearing, thereby creating a conflict between rule and statute. In support of her argument, Crosslin relies on *Nugyen v. Esplund*, 34 Kan. App. 2d 32, 33, 114 P.3d 175 (2005). In *Esplund*, the panel found the language in the statute providing for the issuance of a bench warrant did not require an affidavit or other verification as the local court rule required; therefore, the statute controls.

15

Here, the language in Johnson County Local Court Probate Rule No. 1, A.1 did not conflict with the statute. In fact, K.S.A. 59-2204 also required Crosslin to cause the petition to be set for a hearing. In opening the estate and setting the matter for hearing, Crosslin had to comply with either K.S.A. 59-2208 or K.S.A. 59-2209—both statutes required an order be issued by the district court establishing the notice to be provided to all Interested Parties of the pending petition and hearing date. The local court rule reinforced the procedure Crosslin needed to follow to open the estate. The local court rule was clear and concise and was not inconsistent with the statute when it required an order for hearing be obtained. The execution of an order for hearing is not difficult and clearly establishes the petitioner has met his or her obligation by causing the petition to be set for hearing in compliance with K.S.A. 59-2204.

*We Consider K.S.A. 59-2201*

We would be remiss in not discussing the interplay of K.S.A. 59-2201 in all of this as we read the statute in pari materia with K.S.A. 59-709(a), K.S.A. 59-2204, K.S.A. 59-2208, K.S.A. 59-2209, and K.S.A. 2014 Supp. 59-2222(a). Crosslin argues application of K.S.A. 59-2201 to these facts saves her failure to obtain a timely executed order for hearing from the district court. K.S.A. 59-2201 states:

> "Every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. No defect in form shall impair substantial rights; and no defect in the statement of jurisdictional facts actually existing shall invalidate any proceedings."

While we understand small errors or defects should not defeat a timely petition to open an estate proceeding, the failure here is not small. The error goes to the heart of the

16

procedure in opening an estate. If the requirements of K.S.A. 59-709(a), K.S.A. 59-2204, K.S.A. 59-2208, K.S.A. 59-2209, and K.S.A. 2014 Supp. 59-2222(a) are not followed, then there is no way to verify compliance with the statutory provisions to commence an estate proceeding. Probate proceedings, under the probate code originally enacted in 1939 with a few amendments through the years, requires a paper trail to verify the proper procedure has been followed to open the estate. This situation is similar to filing a petition in a civil action and not having the summons issued until after the statute of limitations has run. A civil action, without a timely summons being issued and served pursuant to K.S.A. 60-203(a) or (b), is not commenced until service is obtained. See *Fisher*, 298 Kan. at 493. Likewise, a probate action is not commenced until an executed order for hearing is obtained reflecting the petition has been set for hearing.

The district court did not err in relying upon K.S.A. 59-2204 and the Johnson County Local Court Probate Rules in finding Crosslin failed to timely petition for the opening of Michael's estate when no signed executed order was obtained prior to June 22, 2014. Finally, Crosslin cannot rely on the order Christine obtained on July 3, 2014, setting Christine's petition for hearing, as that order was executed after the nonclaim period on Crosslin's petition had expired. Under these facts, K.S.A. 59-2201 cannot be used to save Crosslin's failure to obtain an executed order for hearing before the nonclaim period expired.

*Request for Attorney Fees*

In her brief on appeal, Christine requested attorney fees pursuant to Supreme Court Rule 7.07(c); however, Christine has failed to comply with the requirements of Supreme Court Rule 7.07(b)(2) and 7.07(c) (2014 Kan. Ct. R. Annot. 70). Supreme Court Rule 7.07(b)(2) states:

17

"A motion for attorney fees on appeal must be made under Rule 5.01 and be filed not later than 14 days after oral argument. If oral argument is waived, the motion must be filed not later than 14 days after the day argument is waived or the date of the letter assigning the case to a non-argument calendar, whichever is later. An affidavit must be attached to the motion specifying:

    (A) the nature and extent of the services rendered;

    (B) the time expended on the appeal; and

    (C) the factors considered in determining the reasonableness of the fee." (2014 Kan. Ct. R. Annot. 71).

Here, Christine did not file her motion for attorney fees within 14 days of the oral argument, and the inclusion of her request in her brief is insufficient to preserve the issue. Failure to follow Supreme Court Rule 7.07(b) and (c) results in the denial of her request for attorney fees. *Snider v. American Family Mutual Ins. Co.*, 297 Kan. 157, 167, 298 P.3d 1120 (2013).

## CONCLUSION

Crosslin timely filed a petition to open the estate but failed to obtain an executed order for hearing before the nonclaim period expired. The order for hearing is a crucial step in the process of opening an estate. We acknowledge this decision is based on a strict reading of our probate code. Our Supreme Court has required that statutes be read and applied giving common words their ordinary meaning. See Cady, 298 Kan. at 738. As previously stated, the probate process is adversarial and is designed to give reasonable notice to all Interested Parties as the district court orders. We must remember we are dealing with a probate code designed, drafted, and predominately passed in 1939—long before communication by email was available. The advent of new communication tools does not change a petitioner's obligation to comply with the existing statutes of the

18

probate code. Our obligation is to apply the probate code as drafted, and if it needs to be updated, that is a job best left to the legislature. See *In re Marriage of Hall*, 295 Kan. 776, 784, 286 P.3d 210 (2012).

The time frames within the probate code are tight and create very short statutes of limitations for Interested Parties to comply with. Like all statutes of limitation, the failure to comply with the time limit and the required procedure can be harsh. Crosslin's failure to obtain an executed order before June 22, 2014, setting the petition for hearing pursuant to K.S.A. 59-2208 or K.S.A. 59-2209, reflects the estate proceeding was not timely opened within the 6-month deadline required by K.S.A. 59-2239(1). The district court correctly found the nonclaim period had expired. Christine's request for attorney fees is denied for failure to comply with Supreme Court Rule 7.07(b)(2) and 7.07(c).

Affirmed.